■ HAROLD E. KINGSLAND et al., Appellants, v INDUSTRIAL BROWN HOIST Co. et al., Respondents, et al., Defendants.— Order unanimously affirmed without costs. Memorandum: Plaintiff Harold Kingsland was injured by the collapse of the apron of an ore bridge upon which he was working. The bridge was manufactured and installed by defendant Industrial Brown Hoist Co. in 1904 for plaintiff's employer, Hanna Furnace Corp. (Hanna). Hanna performed all repair and maintenance work on the bridge, except for one occasion when a contractor painted it. Hanna made modifications to the bridge in 1914 and 1974. One of these modifications was the removal of a fail-safe pawl and ratchet mechanism. The purpose of the pawl and ratchet mechanism was to prevent the uncontrolled dropping of the apron of the bridge when all of the other safety devices failed to operate. It is unrefuted that had the mechanism been in place, the apron would not have collapsed as it did. Hanna had no contact of any kind with Industrial Brown Hoist Co. or its successor in interest, American Hoist and Derrick Co. since 1968.

Defendants, Industrial Brown Hoist Co. and American Hoist and Derrick Co. moved for summary judgment on the ground that the subsequent modification of the bridge by Hanna substantially altered the bridge and proximately caused plain-

tiff's injuries *(see, Robinson v Reed-Prentice Div.,* 49 NY2d 471, 475).

In opposition, plaintiffs submitted only two affidavits of counsel, asserting a duty on the part of the movants to warn of the danger of the removal of the pawl.

Defendants made a prima facie showing that removal of the pawl by Hanna constituted a subsequent modification which substantially altered the bridge and was the proximate cause of plaintiff's injuries, thereby relieving these defendants of liability *(see, Robinson v Reed-Prentice Div., supra,* at 475; *see also, Powles v Wean United Corp.,* 126 AD2d 624, *appeal dismissed* 69 NY2d 1016; *Miller v Anetsberger Bros.,* 124 AD2d 1057; *Magee v Bliss Co.,* 120 AD2d 926). Although we recognize that proximate cause is usually a question for the jury, where, as here, only one conclusion may be drawn from the established facts, "the question of legal cause may be decided as a matter of law" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *see also, Belling v Haugh's Pools,* 126 AD2d 958, *lv denied* 70 NY2d 602).

Moreover, plaintiffs have failed to establish "knowledge" of the removal of the pawl on the part of these defendants and therefore no duty to warn exists *(cf., Lopez v Precision Papers,* 67 NY2d 871; *Ayala v V & O Press Co.,* 126 AD2d 229). (Appeal from order of Supreme Court, Erie County, McGowan, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.