■ THERMOND HEIGHTS, Appellant, v U.S. ELECTRICAL TOOL Co., Respondent, et al., Defendant. (And a Third-Party Action.) —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), entered October 14, 1986, which granted the motion of the defendant U.S. Electrical Tool Co. to renew its previous motion for summary judgment and, upon renewal, granted that motion dismissing the plaintiff's complaint as against the defendant.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff was allegedly injured while using a machine that was manufactured by a company known as the United States Electrical Tool Company. The model of the machine in question was manufactured from sometime in the 1930's until sometime prior to 1968. In July 1968 United States Electrical Tool Company sold its name, most of its assets, and its goodwill to an intermediary, the defendant Summit Industries, Inc., which in turn conveyed its entire interest to a newly formed company, the defendant U.S. Electrical Tool Co. United States Electrical Tool Company continued to exist, but changed its name to Fort Mitchell Tool Co., which is also a named defendant in this action.

Ordinarily, a corporation which acquires the assets of another corporation is not liable for the torts of its predecessor *(Schumacher v Richards Shear Co.,* 59 NY2d 239, 244; 15 Fletcher Cyclopedia Corporations § 7122 [rev ed]). An exception is made to this rule in four instances, specifically, "if (1) [the successor corporation] expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations" *(Schumacher v Richards Shear Co., supra,* at 245). The plaintiff has not shown that any of these exceptions would be applicable here. The contract of sale of the assets of United States Electrical Tool Company was silent on the assumption of tort liability, but it provided that the seller, rather than the purchaser, continued to be responsible for warranty claims concerning products made prior to the sale. Therefore, this contract neither expressly nor impliedly assigned the predecessor's tort liability *(Schumacher v Richards Shear Co., supra,* at 245). The plaintiff, after having been afforded a full opportunity to conduct discovery, has also not shown that any of the other exceptions apply. Nor would the exception based upon the continuity between the predecessor and successor corporations of the product line, which has been adopted by some other jurisdictions *(e.g., Ray v Alad Corp.,* 19 Cal 3d 22, 560 P2d 3; *see, Schumacher v Richards Shear Co., supra,* at 245-246), be applicable here, since production and sale of the machine at issue ceased long before the transfer of the assets of its manufacturer, and the defendant U.S. Electric Tool Co. never made, sold, or serviced this machine. Mollen, P. J., Weinstein, Rubin and Sullivan, JJ., concur.