■ Moses Goldman, Appellant-Respondent, v Packaging Industries, Inc., Respondent, Scovil-Schrader Bellow Division, Appellant-Respondent, and Cindarn Plastics, Inc., Respondent and Third-Party Plaintiff-Appellant, et al., Defendant. Plastic Creations, Inc., et al., Third-Party Defendants-Respondents.—In an action to recover damages for personal injuries, (1) the plaintiff and the defendant Scovil-Schrader Bellow Division separately appeal, as limited by their briefs, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Ramirez, J.), dated March 15, 1988, as granted the cross motions of the defendant Packaging Industries, Inc. and the defendant and third-party plaintiff Cindarn Plastics, Inc., for summary judgment dismissing the complaint and all cross claims insofar as they are asserted against them, (2) the defendant Scovil-Schrader Bellow Division further appeals, as limited by its brief, from so much of the same order and judgment, as, in addition to the foregoing, granted the motion of the third-party defendant AT & T Technologies, Inc. for summary judgment dismissing the third-party complaint and all cross claims asserted against it, and (3) the defendant and third-party plaintiff has filed a notice of cross appeal from that order and judgment.

Ordered that so much of the appeal of the defendant Scovil-Schrader Bellow Division as is from that portion of the order and judgment as granted the motion of the third-party-defendant AT & T Technologies, Inc. for summary judgment dismissing the third-party complaint and all cross claims asserted against it is dismissed, as that defendant is not aggrieved by that portion of the order and judgment within the meaning of CPLR 5511; and it is further,

Ordered that the cross appeal by the defendant and third-party plaintiff Cindarn Plastics, Inc., is dismissed, as that cross appeal has been abandoned; and it is further,

Ordered that the order and judgment is modified, by deleting the provision thereof granting the cross motion of the defendant and third-party plaintiff Cindarn Plastics, Inc. for summary judgment dismissing the complaint and all cross claims insofar as they are asserted against it, and substituting therefor a provision denying the cross motion; as so modified, the order and judgment is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff and to the defendant Scovil-Schrader Bellow Division by the defendant and third-party plaintiff Cindarn Plastics, Inc.

The plaintiff's complaint alleged that in 1978 the plaintiff, while changing a die in a thermoforming machine used in the manufacture of plastic goods, was injured when the die station descended and traumatically amputated two of his fingers. The machine contained some parts produced by the defendant Scovil-Schrader Bellow Division (hereinafter Scovil) and had been manufactured by the defendant Thermtrol Machinery, Inc. (hereinafter Thermtrol) and sold in 1972 to the third-party defendant AT & T Technologies, Inc. (hereinafter AT & T), which used it for a short duration before declaring it surplus equipment, and placing it in storage. In 1976, the machine was sold to the defendant and third-party plaintiff Cindarn Plastics, Inc. (hereinafter Cindarn) on an "as is" basis. Cindarn used the machine for approximately one year and subsequently sold it to the plaintiff's firm, Plastic Creations, Inc., after concluding that the machine was not suited to its needs. The sale of the machine had been arranged by the defendant Packaging Industries, Inc. (hereinafter Packaging) after it learned that the plaintiff's firm was seeking to purchase a used machine. A salesman for Packaging received a commission on Cindarn's sale of the machine.

The record demonstrates that in 1974, Thermtrol sold certain of its assets to Packaging, including the right to manufac-

ture the thermoforming machine at issue. The Supreme Court granted the motion by AT & T for summary judgment dismissing the third-party complaint and all cross claims insofar as they are asserted against it, and granted the respective cross motions for summary judgment made by Packaging and Cindarn and dismissed the plaintiff's complaint insofar as it is asserted against them. We now modify the order and judgment for the reasons which follow.

Initially, we find that the plaintiff's contention that Packaging is liable under a theory of strict liability due to its status as the successor to Thermtrol is without merit. It is well settled that a corporation which acquires the assets of another corporation ordinarily does not assume the tort liability of its predecessor *(see, Schumacher v Richards Shear Co.,* 59 NY2d 239; *Heights v U.S. Elec. Tool Co.,* 138 AD2d 369). Four exceptions to this general rule have been enumerated by the New York Court of Appeals as follows: "(1) [the successor corporation] expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations" *(Schumacher v Richards Shear Co., supra,* at 245). In the case at bar, the purchase agreement between Thermtrol and Packaging specifically provided that Packaging should "assume and be responsible for none of the liabilities of [Thermtrol] in connection with the transaction contemplated hereby or otherwise". There is no evidence of a consolidation or merger of Thermtrol and Packaging. Nor could Packaging be considered to be a "mere continuation" of Thermtrol, as Thermtrol survived the sale of assets as a distinct corporate entity. Moreover, the record contains no suggestion that Packaging's purchase of the assets was part of a fraudulent scheme whereby Thermtrol sought to avoid its legal obligations.

The plaintiff's attempt to impose liability upon Packaging pursuant to a theory of negligence is likewise without merit. While a successor corporation may be liable for a failure to warn of an alleged defect in the product, such liability cannot attach without a showing that the successor corporation had sufficient contacts with the current owner of the product so as to create a special relationship between the parties which would trigger the duty to warn *(see, Ayala v V & O Press Co.,* 126 AD2d 229). In the instant case, the single service call rendered to the plaintiff by Packaging, standing alone, is insufficient to create such a special relationship *(see, Sullivan*

*v Joy Mfg. Co.,* 70 NY2d 806). As we have previously observed, "in the absence of any contractual duty to service a given product on a continual or periodic basis, a repairer should not be subjected to liability based on the failure to warn of a design defect" *(Ayala v V & O Press Co., supra,* at 230). It is clear that Packaging did not have a service contract with the plaintiff. Indeed, the evidence demonstrates that Packaging attempted to avoid servicing machines built by Thermtrol and had sent its serviceman to the plaintiff on a single service call more than one year before the accident occurred as an accommodation to the plaintiff. During this visit, no reference was made to the changing of dies, and the serviceman recommended an unrelated modification to a pneumatic hose. The only other contacts between the plaintiff and Packaging occurred when the plaintiff visited Packaging's office prior to purchasing the machine to inquire about going into the plastics business, and when a Packaging employee brought the plaintiff and Cindarn together, facilitating the sale of the machine to the plaintiff's firm. These contacts simply do not rise to the level of a special relationship as contemplated in the foregoing decisions. Hence, the Supreme Court acted properly in granting Packaging's motion for summary judgment dismissing the complaint and any cross claims insofar as they are asserted against it.

The court also properly found that the plaintiff's strict liability claim against Cindarn is without merit. "[W]here distribution of an allegedly defective product is incidental to defendant's regular business the principles of strict products liability have no relevance" *(Sukljian v Ross & Son Co.,* 69 NY2d 89, 96). Cindarn, a manufacturer of plastic products, clearly was not engaged in the business of selling plastic forming machinery; indeed, it had sold only three machines in 27 years. Hence, as a mere occasional seller of surplus equipment, Cindarn could not be held liable to the plaintiff upon a theory of strict liability *(see, Sukljian v Ross & Son Co., supra,* at 97).

However, we conclude that the court erred in granting summary judgment to Cindarn because Cindarn could be liable to the plaintiff on the theory that it negligently failed to warn him. As an occasional seller, Cindarn owed a duty to the plaintiff "to warn the person to whom the product is supplied of known defects that are not obvious or readily discernible" *(Sukljian v Ross & Son Co., supra,* at 97). Cindarn was aware that the design of the machine in question required that the operator insert wooden blocks between the platens while

changing the dies or molds even when the machine was disconnected from its power supply in order to prevent the platens from closing and producing injury. Cindarn had in fact cut blocks in its own shop for such use with the machine, but the plaintiff averred that no Cindarn representative ever mentioned this safety practice to him. The instruction manual provided with the machine also was silent with respect to the use of wooden blocks as a safety device. Moreover, a machine which Cindarn purchased from another manufacturer came with blocks as part of its equipment. The plaintiff, new to the plastics manufacturing business, alleged that he had no way of knowing by means of a simple inspection that the machine involved herein required an additional safety device to prevent its parts from moving after it had been disconnected from its power supply. Accordingly, there is evidence indicating that Cindarn was aware of a defect in the machine which allegedly was not readily apparent to the plaintiff, thereby triggering a duty to warn and raising an issue of fact regarding Cindarn's purported failure to do so, thereby precluding a grant of summary judgment on this theory of liability (see, *Zuckerman v City of New York*, 49 NY2d 557).

Finally, insofar as Scovil and Cindarn cross-appeal from certain portions of the order and judgment under review, we note that Scovil's appeal must be dismissed because Scovil is not an aggrieved party within the meaning of CPLR 5511 regarding so much of the order and judgment as granted the motion of AT & T for summary judgment dismissing the third-party complaint and all cross claims insofar as they are asserted against it, and Cindarn's appeal must be dismissed as abandoned. Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.