(September 18, 1989)

CLIFTON DARSAN et al., Appellants, v GUNCALITO CORP. et al., Defendants, and GLOBE SLICING MACHINE COMPANY, INC., Appellant.—In an action to recover damages for personal injuries, etc., (1) the defendant Globe Slicing Machine Company, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), entered November 20, 1987, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it, and (2) the plaintiffs appeal from so much of the same order as granted the motion of the defendant Associated Food Stores, Inc. for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied that branch of the

motion of the defendant Globe Slicing Machine Company, Inc. which was for partial summary judgment dismissing those portions of the complaint alleging its defective design of the product, and substituting therefor a provision granting that branch of the motion, and (2) upon searching the record, deleting the provision thereof which denied that branch of the motion of the defendant Globe Monte Metropolitan, Inc. which was for partial summary judgment dismissing those portions of the complaint alleging defective design of the product, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal by the plaintiffs is dismissed as abandoned, without costs or disbursements.

The infant plaintiff suffered the amputation of his right hand, wrist and forearm while operating a meat grinder manufactured by the defendant Globe Slicing Machine Company, Inc. (hereinafter Globe Slicing) and distributed by defendant Globe Monte Metropolitan, Inc. (hereinafter Globe Monte) in the course of his employment as a meat wrapper with the defendant Guncalito Corporation (hereinafter Guncalito). Although the subject machine was equipped at the time of purchase with a safety guard over the feed pan which led to the grinding mechanism, a Guncalito employee thereafter removed the safety guard for easier accessibility to the grinding mechanism.

The plaintiffs alleged that the subject machine was dangerous and defective inasmuch as it was not equipped with "proper and adequate guards", and "proper safety guards, warnings and instructions". Globe Slicing moved for summary judgment, asserting that it could not be held liable for injury resulting from a substantial modification effected by a third party which rendered its product defective *(see, Robinson v Reed-Prentice Div.,* 49 NY2d 471). Globe Monte thereafter cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In opposition, the plaintiffs asserted that since the subject instrumentality was designed so as to permit its use without the safety guard, a question of fact existed as to whether the manufacturer breached its duty by placing on the market a product which had a defect that causes injury. The Supreme Court concluded that since the grinder was "marketed with an attached but removable guard", the subsequent modification defense could not be invoked as a matter of law. We take a contrary view on this point.

It is well settled that a manufacturer of a product may not be held liable either on a negligence or strict products liability cause of action where "[m]aterial alterations at the hands of a third party which work a substantial change in the condition in which the product was sold by destroying the functional utility of a key safety feature" are effected *(Robinson v Reed-Prentice Div.,* 49 NY2d 471, 481, *supra; see, Sage v Fairchild-Swearingen Corp.,* 70 NY2d 579), and where these alterations are a proximate cause of a plaintiff's injuries *(see, LaPaglia v Sears Roebuck & Co.,* 143 AD2d 173, 177). The plaintiffs' attempt to invoke the exception to the subsequent modifications defense, i.e., that a manufacturer may be held liable under a design defect theory where the product is purposefully manufactured so as to permit its use without a certain safety feature which was designed to be removable *(see, Lopez v Precision Papers,* 107 AD2d 667, *affd* 67 NY2d 871; *McAvoy v Outboard Mar. Corp.,* 134 AD2d 245), is unavailing. In view of the design of the grinder, specifically, that the safety guard was affixed to the machine with three fairly heavy rivets which would have to be removed forcibly, and the deposition testimony of Guncalito's president wherein he acknowledged that at the time of purchase he had been specifically advised of the purpose of the guard, which he recognized was not readily removable, describing the safety feature as "sealed in", it is manifest that the product was not "purposefully manufactured to permit its use without the safety guard" *(Lopez v Precision Papers,* 67 NY2d 871, 873, *supra; Garcia v Biro Mfg. Co.,* 101 AD2d 779, *revd on other grounds* 63 NY2d 751). We accordingly grant partial summary judgment dismissing the causes of action against the defendants Globe Slicing and Globe Monte predicated on a design defect theory.

To the extent the plaintiffs' action against the manufacturer is based on the theory that the machine was defective by virtue of the failure to display with sufficient prominence warnings of the danger of using the grinder without the safety guard in place, however, the complaint must be sustained. A manufacturer has a duty to warn of dangers associated with the reasonably foreseeable misuse of its product *(McLaughlin v Mine Safety Appliances Co.,* 11 NY2d 62; *Trivino v Jamesway Corp.,* 148 AD2d 851; *Miller v Anetsberger Bros.,* 124 AD2d 1057). The plaintiffs' submissions reveal that the misuse in question may have been reasonably foreseeable to Globe Slicing and Globe Monte. Those defendants' agents acknowledged complaints of operational difficulties encountered by users of the predecessor model to the offending machine,

which had prompted those users to remove the safety guard, and which was a factor in Globe Slicing's redesign of the product. Moreover, the plaintiffs' engineering expert opined that the product was defective because of the insufficiency of the "inconspicuous" warning against such a misuse. The existence of evidence that Globe Slicing may have reasonably foreseen a misuse of its product against which allegedly inadequate warnings were provided raises issues of fact precluding a granting of partial summary judgment on this theory of liability *(see, Zuckerman v City of New York,* 49 NY2d 557; *Goldman v Packaging Indus.,* 144 AD2d 533). Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.