■ MARY FREY, Appellant, v ROCKFORD SAFETY EQUIPMENT COMPANY et al., Respondents. ROCKFORD SAFETY EQUIPMENT COMPANY, Third-Party Plaintiff-Respondent, v QUALITROL CORPORATION, Third-Party Defendant-Respondent.—Order unanimously affirmed without costs. Memorandum: The court properly granted summary judgment to defendants, the manufacturers of two safety components incorporated into a punch press, on the ground that plaintiff's employer had modified and in fact defeated the purpose of the safety components, thus causing plaintiff's injury. A manufacturer may not be cast in damages, either for negligence or for products liability, where, after the product leaves the manufacturer's hands, there is a subsequent modification that substantially alters the product and is the proximate cause of plaintiff's injuries *(Robinson v Reed-Prentice,* 49 NY2d 471, 475). That is true whether a plaintiff seeks to hold defendants liable for an alleged product defect or for an alleged failure to warn *(Robinson v Reed-Prentice, supra,* at 480; *Magee v Bliss Co.,* 120 AD2d 926; *see also, Kingsland v Industrial Brown Hoist Co.,* 136 AD2d 901). As revealed by the parties' submissions, plaintiff's injury was the direct result of her employer's installation of a switch that allowed the press to be operated without the barrier device. Were it not for that modification, the machine

could not have been operated with plaintiff's hands in proximity to the ram. The modification was accomplished without the knowledge of either defendant. "Material alterations at the hands of a third party which work a substantial change in the condition in which the product was sold by destroying the functional utility of a key safety feature, however foreseeable that modification may have been, are not within the ambit of a manufacturer's responsibility" *(Robinson v Reed-Prentice, supra,* at 481). (Appeal from order of Supreme Court, Monroe County, Tillman, J.—summary judgment.) Present— Dillon, P. J., Denman, Boomer, Green and Davis, JJ.