∎ DENNIS J. COONEY, Respondent, v OSGOOD MACHINERY, INC., Respondent and Third-Party Plaintiff-Respondent. HILL ACME COMPANY, Third-Party Defendant-Appellant; PAUL MUELLER COMPANY et al., Third-Party Defendants-Respondents.—Order affirmed without costs. Memorandum: We con-

clude that this case is not appropriate for summary disposition. It should be determined on a full record.

All concur, except Pine, J., who dissents in part and votes to modify, in the following Memorandum.

Pine, J. (dissenting). I must dissent in part. The majority fails to specify whether in its view the moving party failed to meet its initial burden to establish its entitlement to summary judgment as a matter of law or whether in its view plaintiff has sufficiently raised an issue of fact requiring trial *(see, Zuckerman v City of New York,* 49 NY2d 557). I conclude that Supreme Court correctly denied the motion of third-party defendant Hill Acme Company (Hill) for summary judgment with respect to the cause of action of third-party plaintiff Osgood Machinery, Inc. (Osgood) alleging breach of duty to warn. However, I conclude that Supreme Court erred in denying Hill's motion with respect to Osgood's cause of action based on Hill's successor corporation liability. In denying that motion, Supreme Court found that there was a question of fact whether Hill had impliedly assumed the tort liability of its predecessor, Kling Brothers Engineering Works (Kling), the manufacturer of the machine that allegedly caused plaintiff's injuries. The purchase agreement between Hill and Kling contained no express assumption of Kling's tort liability nor did it contain language from which an implied assumption can be inferred. Indeed, the agreement provided that Kling's product line was sold free and clear of all "liens, claims, mortgages, and encumbrances of whatever kind and nature", and that Hill would fulfill and comply with Kling's warranties upon Kling's written request, upon payment by Kling to Hill for such services. Because, under existing law in this state, the only possible basis for successor corporation liability was assumption of the predecessor corporation's tort liability *(cf., Turner v Bituminous Cas. Co.,* 397 Mich 406, 244 NW2d 873; *Ray v Alad Corp.,* 19 Cal 3d 22, 136 Cal Rptr 574), summary judgment should have been granted in this respect *(see, Schumacher v Richards Shear Co.,* 59 NY2d 239, 244-245; *Heights v U.S. Elec. Tool Co.,* 138 AD2d 369, 370). (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present—Doerr, J. P., Green, Pine, Balio and Lawton, JJ.