■ WILLIAM B. ATKISSON, Appellant, v MANITOBA CORPORA-TION et al., Defendants, and PINE TREE MACHINERY, Individually and as Successor to RIGBY MACHINERY, INC., Respondent. [596 NYS2d 237] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: We conclude that arguably a question of fact exists whether defendant Pine Tree Machinery is a successor corporation to defendant Rigby Machinery, Inc. and therefore strictly liable for plaintiff's injuries *(see, Sweatland v Park Corp.,* 181 AD2d 243, 245-246). This issue should be determined at trial rather than by summary disposition *(see, Cooney v Osgood Mach.,* 174 AD2d 1046). Consequently, Supreme Court erred in granting Pine Tree's motion for summary judgment to the extent that plaintiff's complaint sought to impose liability on Pine Tree based on successor liability *(see generally, Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441; *Hourigan v McGarry,* 106 AD2d 845, 845-846, *appeal dismissed* 65 NY2d 637). We agree with Supreme Court, however, that Pine Tree did not have an independent duty to warn plaintiff of the defective condition of the machine *(see, Sullivan v Joy Mfg. Co.,* 70 NY2d 806, 808-809). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.