■ EDDIE L. WADE et al., Respondents, v LANDEGGER CONTAINER MACHINERY, INC., et al., Appellants, and UNDERWOOD INDUSTRIAL CONTRACTORS, INC., Respondent, et al., Third-Party Plaintiffs, et al., Third-Party Defendant. [598 NYS2d 874] —Order unanimously affirmed with costs. Memorandum: These products liability actions arise from accidents involving the same machine on June 13 and June 16, 1989. Plaintiffs Vincent Borrelli and Eddie L. Wade, employees of third-party defendant Weyerhaeuser Paper Co., Inc., were injured when their hands became caught in a double facer, a component of a corrugator machine manufactured by the predecessor corporation of defendant United Container Machinery Group, Inc.

Defendants appeal from that part of an order of Supreme Court that denied in part their motions for summary judgment dismissing plaintiffs' negligence and products liability causes of action. We agree with Supreme Court's conclusion that there are questions of fact whether the double facer was defective when sold or whether the removal of the safety guard rendered an otherwise safe machine defective. "[P]ost-sale modifications to a product do not defeat a products liability claim unless those modifications (a) rendered 'a safe product defective' *(Robinson v Reed-Prentice Div.,* [49 NY2d

471], 479) and (b) caused the injuries *(Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 532)" *(Lamey v Foley* 188 AD2d 157, 168).

We also agree with the court's determination that questions of fact exist concerning defendants' liability for failure to warn *(see, Oliver v NAMCO Controls,* 161 AD2d 1188, 1189; *Kingsland v Industrial Brown Hoist Co.,* 136 AD2d 901, 902). (Appeal from Order of Supreme Court, Monroe County, Wisner, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.