■ CLIFTON DARSAN et al., Appellants, v GLOBE SLICING MACHINE CO., INC., et al., Defendants and Third-Party Plaintiffs-Respondents. GUNCALITO CORPORATION, Third-Party Defendant-Respondent. [606 NYS2d 317] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Vaccaro, J.),

dated September 28, 1990, which, *inter alia,* granted the defendants' motion to set aside the jury verdict and dismiss the complaint, and (2) a judgment of the same court, entered October 5, 1990, which is in favor of the defendants and against the plaintiffs dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants Globe Monte Metropolitan, Inc., and Guncalito Corporation are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiffs contend that the trial court erred when it set aside the jury verdict, which was in favor of the plaintiffs, and granted the defendants' motion to dismiss the complaint on the ground that there was insufficient evidence to support the verdict. We disagree.

Although it is true that, where a valid issue of fact does exist, the court may not conclude that the verdict is not supported by the evidence as a matter of law *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499), we find that no valid issue of fact existed with regard to the issue of foreseeability in this case.

The injured plaintiff was a 14-year-old minor child. Pursuant to Labor Law § 133 (1) (c), it is illegal for a person under the age of 16 years to assist in the operation of grinding machinery. Therefore, it cannot be said that the injured plaintiff was a reasonably foreseeable user of the commercial meatgrinding machine *(see, Cramer v Toledo Scale Co.,* 158 AD2d 966, 967).

Further, the purchaser of the meatgrinding machine here, Guncalito Corporation (hereinafter Guncalito), the entity to whom the manufacturer and distributor owed the duty to warn, had actual knowledge of the danger of using the meatgrinding machine without the safety guard, which had been riveted to the machine. It was an employee of Guncalito who ground off the rivets and removed the safety guard. Guncalito was in the best position to warn its employees of the danger, but threw away the caution cards which came with the

machine. Under the circumstances, it was not foreseeable that the purchaser would discard the warnings, and fail to warn the user of the danger created by grinding off the rivets and removing the safety guard (see generally, *McLaughlin v Mine Safety Appliances Co.,* 11 NY2d 62, 71-72; *Cramer v Toledo Scale Co., supra).*

Although this Court had previously found issues of fact to exist with regard to whether or not it was reasonably foreseeable that the meatgrinding machine would be misused as it was here, with the safety guard removed *(see, Darsan v Guncalito Corp.,* 153 AD2d 868, 870-871), at the trial no evidence was presented of any prior misuse of the machine, or of any similar model. Moreover, the issues of the injured plaintiff's age, his illegal use of the machine, the purchaser's actual knowledge of the danger, and the purchaser's failure to warn his employees of the danger contained in the caution signs which were discarded, were not before this Court at that time. Therefore, that prior determination did not preclude granting the defendants judgment as a matter of law after trial. Rosenblatt, J. P., Miller, Lawrence and Pizzuto, JJ., concur.