■ HIRAM GARCIA, Respondent, v BIRO MANUFACTURING COMPANY, INC., Appellant and Third-Party Plaintiff-Appellant. LOBE MEAT CORP., Third-Party Defendant-Respondent and Fourth-Party Plaintiff-Respondent; ATLANTIC SERVICE COMPANY, Fourth-Party Defendant-Respondent, et al., Fourth-Party Defendant. — Order of the Supreme Court, Bronx County (Mercorella, J.), entered on September 16, 1983, which, *inter alia,* denied the motion of defendant and third-party plaintiff Biro Manufacturing Company for summary judgment dismissing the first and third causes of action in the complaint and the counterclaim by third-party defendant Lobe Meat Corp., is modified, on the law, the motion by defendant and third-party plaintiff granted in its entirety and, as so modified, the order is otherwise affirmed, without costs. ¶ Plaintiff sustained personal injuries when his right hand was pulled into a meat grinder manufactured by defendant Biro, and was severed. Plaintiff was working in a meat market operated by his employer, the third-party defendant Lobe Meat Corp., which owned and maintained the grinder. The complaint contains three causes of action against Biro, for negligence, breach of warranties and strict tort liability. The answer of the third-party defendant Lobe asserts a counterclaim alleging "negligent acts" on the part of Biro. ¶ Special Term granted defendant's motion for summary judgment solely to the extent of dismissing the second cause of action of the complaint, which set forth a claim for breach of express and implied warranties. The court noted that the delivery of the meat grinder took place in 1958 and therefore this cause of action was barred by the applicable Statute of Limitations (Uniform Commercial Code, § 2-725). Special Term denied the motion, however, with respect to the first and third causes of action of the complaint and the counterclaim on the ground that pretrial disclosure had yet to be completed concerning the design and manufacture of the meat grinder and that triable issues of fact might exist. We disagree. ¶ It was undisputed that defendant had no contact with the meat grinder since the date it shipped it to the retailer some 21 years prior to the accident. Also undisputed was the fact that after the grinder left the defendant manufacturer, some unknown third party modified it by cutting bolts holding a safety guard over the feeding mechanism, enabling the safety guard to be swiveled out of the way. "While the manufacturer is under a nondelegable duty to design and produce a product that is not defective, that responsibility is gauged as of the time the product leaves the manufacturer's hands [citations omitted]. Substantial modifications of a product from its original condition by a third party which render a safe product defective are not the responsibility of the manufacturer [citations omitted]" (*Robinson v Reed-Prentice Div.,* 49 NY2d 471, 479). ¶ Plaintiff's attempt to raise an issue as to whether the machine in issue had a three-hole safety guard over the feed bowl, as the defendant asserts, or an "older" five-hole safety guard when it left the hands of

the manufacturer is immaterial to the overriding fact that the machine had been altered by a third party so that the safety guard was admittedly not in its proper position at the time of the accident. Plaintiff also contends that the location of the on/off toggle switch on the back of the machine was a concurrent proximate cause of the injury. However, as noted, it is undisputed that plaintiff's hand would not have become caught in the feed mechanism of the grinder if either the three-hole *or* five-hole safety guard was in its proper position. Thus, the sole proximate cause of plaintiff's injuries was the absence of the safety guard, a substantial modification for which the manufacturer was not responsible (*Robinson v Reed-Prentice Div., supra*). Concur — Ross, J. P., Asch, Bloom, Fein and Milonas, JJ.