LAWRENCE E. MILLER et al, Respondents, v ANETSBERGER BROTHERS, INC., Appellant, et al., Defendant. (Appeal No. 1.)

Memorandum: Plaintiff Denise Miller's finger was injured when it was pulled between a set of rollers of a pizza dough roller machine manufactured by defendant Anetsberger Brothers, Inc. There are three panels on the machine which are removable to permit access to the rollers during cleaning. Each of the panels is provided with a safety interlock switch which causes a break in the electrical current when a panel is removed, so that the rollers will not operate during the cleaning process. There was evidence at trial from which the jury could find that the safety switch on the front panel had been disabled, probably by one of the employees, by depressing the pin and moving it laterally so that it was held in a depressed position by the end of the bracket supporting it. Plaintiff, who had never cleaned the machine before, was cleaning the rollers by reaching her hand through the front panel and, in order to clean the area between the rollers, she turned on the machine. The injury to her finger occurred when she was wiping the rollers.

The court instructed the jury on two theories of strict products liability; defective design and failure to warn. Concerning the disabling of the safety switch, the court charged that if the jury found that employees had intentionally disabled the safety switch, it would have to find that the machine was not defective in design; but that in deciding whether the manufacturer was liable for failure to warn, it could take into consideration, among other things, the testimony as to the convenience afforded by cleaning the machine while it was operating, knowledge the manufacturer may have had that users of the machine had cleaned it while it was operating, and the "ease of disability of that [safety] switch." The jury, answering special questions found that the product was not defective in design but that the manufacturer had failed to warn users of the dangers involved in cleaning the machine while it was operating.

Defendant contends that the court erred in its charge and that, as required by the holding of the Court of Appeals in *Robinson v Reed-Prentice Div.* (49 NY2d 471), it should have told the jury that if it found that the employees deliberately disabled the safety switch, the plaintiff could not recover either on the theory of defective design or on the theory of duty to warn. Defendant points particularly to the statement in *Robinson (supra,* p 481) that "[m]aterial alterations at the hands of a third party which work a substantial change in the condition in which the product was sold by destroying the

functional utility of a key safety feature, however foreseeable that modification may have been, are not within the ambit of a manufacturer's responsibility."

Although any modification or alteration that affects a safety device and is the proximate cause of the injury is a "material" alteration, here the machine had not been modified or altered. There was no change made by cutting a hole in a safety gate *(see, Robinson v Reed-Prentice Div., supra);* by cutting bolts which held a safety guard over the feeding mechanism *(see, Garcia v Biro Mfg. Co.,* 101 AD2d 779, *revd on other grounds* 63 NY2d 751); or even by forcibly bending a safety pin out of shape *(see, Kinter v Emhart Corp.,* 99 AD2d 689). Here the safety interlock was simply avoided by a slight change in its position.

Moreover, unlike in *Robinson (supra),* the issue involved is not whether the product was defectively designed, but whether the manufacturer had a duty to warn. Although a manufacturer is under no duty to design a product so that its safety devices may not be disabled, it may, under certain circumstances, be liable for a failure to warn of the consequences of using the machine when the safety devices are inoperative.

Under the circumstances of this case, including the ease of avoiding the safety interlock, the knowledge that the manufacturer had that users were cleaning the rollers with the machine operating, and the convenience of doing so, the jury was entitled to find that defendant had a duty to warn plaintiff, a user of the machine, of dangers inherent in its use or foreseeable misuse of which it knew or should have known and were not obvious or known to plaintiff *(see,* Restatement [Second] of Torts §§ 388, 394; *McLaughlin v Mine Safety Appliances Co.,* 11 NY2d 62). Specifically, the jury was entitled to find that defendant had a duty to warn the plaintiff of the danger of cleaning the machine while the rollers were operating and that it violated that duty by failing to attach appropriate warnings. Thus, the court's charge was not in error.

We have reviewed defendant Anetsberger Brothers, Inc.'s claim that the verdict was excessive and we agree. The sum of $225,000 found by the jury as the dollar amount of damages suffered by plaintiff Denise Miller for the injuries to her fingers is grossly excessive and the judgment is set aside and a new trial is granted, unless she consents to a reduction in this amount to $100,000 and to a corresponding reduction in the judgment. (Appeal from judgment of Supreme Court, Monroe

County, Wagner, J.—negligent design.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.