■ KEVIN McAVOY et al., Appellants, v OUTBOARD MARINE CORP., Respondent.—In an action to recover damages for personal injuries, etc., based on negligence and breach of warranty, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated September 19, 1986, which, *inter alia,* upon granting the defendant's motion for summary judgment dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, and the motion for summary judgment is denied.

On June 17, 1980, the plaintiff Kevin McAvoy was employed as a mechanic by a lawnmower repair service. While examining a lawnmower for the purpose of a repair estimate, his fingers were injured when they came in contact with the rotating cutting blade of the machine. The plaintiff had removed the chute to which a grass catcher bag would normally be attached, thereby exposing the blade through a "kidney-shaped" hole in the top of the mower's housing. While squat-

ting down to adjust the carburetor, the plaintiff experienced a cramp in his leg which caused him to fall forward and place his hand through the opening into contact with the blade.

We find that the defendant's motion for summary judgment dismissing the complaint was improperly granted. The facts herein do not approach those of *Robinson v Reed-Prentice Div.* (49 NY2d 471). In that case, material alterations by a third party, which created "a substantial change in the condition in which the product was sold by destroying the functional utility of a key safety feature" *(Robinson v Reed-Prentice Div., supra,* at 481), were found not to be within the ambit of a manufacturer's responsibility. In *Lopez v Precision Papers* (67 NY2d 871, *affg* 107 AD2d 667), the court qualified the rule enunciated in *Robinson v Reed-Prentice Div. (supra),* by holding that a manufacturer may be held liable under a design defect theory where the product is purposefully manufactured so as to permit its use without a certain safety feature which was designed to be removable *(see also, Ayala v V & O Press Co.,* 126 AD2d 229). Here, a review of the record indicates that the plate over the kidney-shaped hole in the lawnmower's housing was designed to be removable. Given the ease with which the safety feature could be removed and the lawnmower's added versatility with the optional grass catcher assembly, questions of fact exist as to the scope of the lawnmower's intended purposes and whether the lawnmower was reasonably safe without the removable parts. Thus, the motion for summary judgment should have been denied. Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.