■ SHELLY GREEN, Appellant, v KAUTEX MACHINES, INC., et al., Respondents and Third-Party Plaintiffs. FISHER-PRICE TOYS, INC., Third-Party Defendant-Respondent.—Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff was injured at her place of employment while operating a plastic blow-molding machine. The machine was designed to extrude rubbery plastic cylinders from a die head. The cylinders were then transported downward into a mold by a gripper mechanism. A safety gate blocked access to the mold area from the front of the machine, but the die head and gripper area, on the top of the machine, was not guarded by any safety device. The sides of the machine measured 54 inches from ground level, and plaintiff's employer, Fisher-Price Toys, Inc., had placed a freestanding L-shaped platform on either side of the machine. The injury occurred while plaintiff, who was standing on the platform to the left of the machine, attempted manually to pull excess plastic from the die head. The gripper closed on her wrist and forced her hand into the mold where it was injured.

Supreme Court granted defendant's motion for summary judgment and dismissed the complaint. It found that the placement of the platform constituted a substantial modification to the blow-molding machine and was the proximate cause of plaintiff's injury (see, Robinson v Reed-Prentice Div., 49 NY2d 471). On this record, that determination cannot be made as a matter of law.

A defectively designed product "is one which, at the time it

leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use" *(Robinson v Reed-Prentice Div., supra,* at 479). A manufacturer of a product will not be cast in damages, however, where, "after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries" *(Robinson v Reed-Prentice Div., supra,* at 475). Resolving the issue whether a product is unreasonably dangerous because of its design "involves a balancing process to assess whether the benefits of a particular design outweighed the risks of using it and also what alternative designs were available and feasible at the time the product was marketed" *(Opera v Hyva Inc.,* 86 AD2d 373, 377).

In moving for summary judgment, defendant was required to establish its defense "sufficiently to warrant the court as a matter of law in directing judgment" in its favor (CPLR 3212 [b]; *Iselin & Co. v Mann Judd Landau,* 71 NY2d 420). Defendant failed to do so. While placement of the platform adjacent to the blow-molding machine allowed plaintiff easier access to the otherwise unguarded areas of the machine, it is clear in the record that Fisher-Price did not modify or alter the blow-molding machine itself *(cf., Robinson v Reed-Prentice Div., supra; Kingsland v Industrial Brown Hoist Co.,* 136 AD2d 901; *Magee v Bliss Co.,* 120 AD2d 926). Additionally, plaintiff's expert asserted that when the subject machine was purchased by Fisher-Price it was within the state of the art to include a safety cage around the die head and gripper area. Indeed, later models of machines manufactured by defendant contained such safety cages. Although defendant avers that it did not know of the placement of the platform adjacent to the machine, it was aware that it was sometimes necessary for the operator of the machine to pull plastic manually from the die head. Thus, it is for a jury to decide whether the machine, as designed, was unreasonably dangerous for its intended use and whether defendant adequately warned of the dangers inherent in such use or in the reasonably foreseeable misuse of the machine *(see, Miller v Anetsberger Bros.,* 124 AD2d 1057). (Appeal from order of Supreme Court, Erie County, Joslin, J.—summary judgment.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.