■ JOSE J. GONZALEZ et al., Appellants, v VERSON ALLSTEEL PRESS Co., Respondent. (And a Third-Party Action.) [614 NYS2d

560] —In a negligence and products liability action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), dated October 23, 1992, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs,

The plaintiff Jose Juan Gonzalez was injured when he placed his hand inside a "press brake" machine. The "ram" of the machine unintentionally "repeated" or "cycled", causing the press to crush the plaintiff's fingers. The machine in question was manufactured by the defendant with a mechanical foot treadle activation device, which required that a horizontal bar running along the base of the machine be depressed with approximately 35 pounds of force to activate the machine. This mechanical activation device was replaced at some unknown time by an unknown person with a pneumatic foot valve and air cylinder, which was mounted on a piece or wood on the ground, and required only slight pressure to activate. The pneumatic device worked by allowing air pressure to build up in the air cylinder, which, when the foot valve was depressed, activated the press brake machine causing the ram to descend. The mechanical activation device originally installed on the press brake would have stopped the cycle of the ram when the users foot came off the foot treadle, and the user could adjust the speed of the ram by the pressure with which he/she depressed the treadle. The pneumatic device, on the other hand, would complete the cycle once the foot valve was depressed.

Here, the defendant submitted the affidavit of Donald E. Bernotus, its Director of Product Reliability, wherein he stated, *inter alia,* that "[i]f the mechanical foot treadle/activation system installed by VERSON had remained, the machine would not have been able to continue cycling as it is alleged happened here". Thus, the defendant established its entitlement to summary judgment by submitting proof in admissible form that the substantial modification of the press brake had destroyed a key safety feature of the machine as manufactured *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Robinson v Reed-Prentice Div.,* 49 NY2d 471). The plaintiff has offered nothing to rebut the proof that the proximate cause of the accident was the pneumatic activating device. "Significantly, the [plaintiffs'] expert does not state that the accident would have occurred even if the [mechanical activation device] were in place" *(Van Buskirk v Migliorelli,* 185 AD2d 587, 589).

Thus, under the circumstances of this case, we find that the Supreme Court properly granted the defendant's motion for summary judgment, dismissing the complaint.

We have examined the plaintiffs' remaining contentions, and find them to be without merit. Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.