■ GABRIEL ZUNIGA, Appellant, v KARL W. SCHMIDT & ASSOCIATES, INC., et al., Respondents. (And Third-Party Actions.) [617 NYS2d 502] —In a negligence and products liability action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated April 1, 1993, which granted the motion of the defendant Karl W. Schmidt & Associates, Inc., for summary judgment dismissing the complaint and all counterclaims insofar as asserted against it.

Ordered that the order is affirmed, with costs to the respondent Karl W. Schmidt & Associates, Inc.

The defendant Karl W. Schmidt & Associates, Inc. (hereinafter Schmidt) manufactured and sold the conveyor which injured the plaintiff. It is uncontested that at the time the conveyor left the possession and control of Schmidt, it had a safety guard attached. This safety guard was subsequently removed by unknown persons. In its affidavit in support of the motion for summary judgment, Schmidt averred that this accident would not have occurred had the safety guard remained in place. The plaintiff's expert does not contradict this allegation. "[A] manufacturer of a product may not be cast in damages, either on a strict products liability or negligence cause of action, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries" *(Robinson v Reed-Prentice Div.,* 49 NY2d 471, 475).

The plaintiff argues that the safety guard here was removable, thus distinguishing the present case from *Robinson v Reed-Prentice Div.*, by the fact that the product was "purposefully manufactured to permit its use without the safety guard" *(Lopez v Precision Papers,* 67 NY2d 871, 873; *see also, LaPaglia v Sears Roebuck & Co.,* 143 AD2d 173, 177; *McAvoy v Outboard Mar. Corp.,* 134 AD2d 245, 246). However, this conclusory assertion has no support in the record. It is uncontradicted that removal of the safety guard on the subject conveyor would have required the loosening of seventeen bolts, using four separate wrench procedures. Schmidt expressly averred that it manufactured the conveyor with the intent that the safety guard remain in place for the life of the conveyor, and that regular maintenance of the conveyor could be performed with the safety guard intact. Under these circumstances, we find no support, beyond plaintiff's conclusory assertion, that the product was purposefully manufactured to permit its use without the safety guard *(see, Moore v Deere & Co.,* 195 AD2d 1044, 1045).

We have examined plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.