■ MICHAEL WYDA, Respondent, v MAKITA ELECTRIC WORKS, LTD., et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Third-Party Defendant. [648 NYS2d 154] —In an action to recover damages for personal injuries based upon negligence, breach of warranty, and strict products liability, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Westchester County (Burrows, J.), dated August 21, 1995, which denied their motion for summary judgment dismissing the complaint and all cross claims and counterclaims.

Ordered that the order is reversed, on the law, with costs, the motion of the defendants third-party plaintiffs is granted, and the complaint and all cross claims and counterclaims are dismissed.

A manufacturer may not be cast in damages, either on a strict products liability or negligence cause of action, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which "substantially alters the product and is the proximate cause of the plaintiff's injuries" *(Robinson v Reed-Prentice Div.,* 49 NY2d 471, 475). Material alterations at the hand of a third

party which work a substantial change in the condition in which the product was sold "by destroying the functional utility of a key safety feature, however foreseeable that modification may have been, are not within the ambit of a manufacturer's responsibility" *(Robinson v Reed-Prentice Div., supra,* at 481).

It is undisputed that when the accident occurred the plaintiff's employer, the third-party defendant, had wedged the saw's moveable blade guard open by placing a piece of wood between the guard and the body of the saw. It was this material alteration of the guard mechanism, preventing the guard from returning to its normal position covering the blade, which permitted the saw to injure the plaintiff's hand when the saw kicked back. There is no contention that the accident would have occurred if the guard had not been disabled.

We reject the plaintiff's contention that this matter falls within the exception carved out by *Ayala v V & O Press Co.* (126 AD2d 229) and *Lopez v Precision Papers* (107 AD2d 667, *affd* 67 NY2d 871). In those instances, the safety features on the machines in question were designed to be removable, and the machines were designed to operate in the absence of the safety features. In contrast, the safety mechanism here was not designed to be removable. Rather, it was defeated by a substantial material alteration *(see, Robinson v Reed Prentice, supra; cf., Miller v Anetsberger Bros.,* 124 AD2d 1057).

Additionally, as the plaintiff has made no breach of warranty claims which are not coextensive with his tort based claims, the breach of warranty cause of action likewise cannot stand *(see generally, Denny v Ford Motor Co.,* 87 NY2d 248).

The remaining contentions are without merit. Miller, J. P., Ritter, Goldstein and Florio, JJ., concur.