■ JOSE ALVARADO, Respondent, v OTTO MARTIN MASCHINE- BAU Gmbh & Co., Appellant, et al., Defendant. (And a Third-Party Action.) [652 NYS2d 775] —In an action to recover damages for personal injuries, the defendant Otto Martin Maschinebau Gmbh & Co., appeals from an order of the Supreme Court,

Kings County (Golden, J.), dated June 26, 1995, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion by the defendant Otto Martin Maschinebau Gmbh & Co. is granted, and the complaint is dismissed insofar as asserted against it.

The plaintiff was allegedly injured while operating a power table saw manufactured by the defendant Otto Martin Maschinebau Gmbh & Co. (hereinafter Martin). The plaintiff testified at an examination before trial that he was feeding a piece of plywood into the saw when the wood "kicked back" and struck him in the chest, causing him to lose consciousness and fall onto the blade. The plaintiff sustained injuries to his right hand. When the saw was shipped to the plaintiff's employer, it was equipped with a parallelogram saw guard and a splitting wedge to which an antikickback finger was fastened. These devices were not present on the saw when the accident occurred.

The Supreme Court denied Martin's motion for summary judgment, concluding that issues of fact existed with respect to the plaintiff's assertions that (1) the saw was defectively designed, and (2) the saw was manufactured with attached but removable safety devices. We reverse.

We have recently observed that "[a] manufacturer may not be cast in damages, either on a strict products liability or negligence cause of action, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which 'substantially alters the product and is the proximate cause of the plaintiff's injuries' " (*Wyda v Makita Elec. Works*, 232 AD2d 407, citing *Robinson v Reed-Prentice Div.*, 49 NY2d 471).

Martin's moving papers demonstrated that the saw in question was shipped with the requisite safety devices, but that these devices had been removed by the time the plaintiff's accident occurred (*see, Robinson v Reed-Prentice Div., supra*). The plaintiff's opposing papers failed to create triable issues of fact with respect to the claim that the absent safety devices had been designed to be removed and the saw itself was designed to be operable without those devices in place (*see, Wyda v Makita Elec. Works, supra; cf., Lopez v Precision Papers*, 67 NY2d 871, 873). The affidavit submitted by the plaintiff's expert offered no opinion with respect to the allegation that the saw's safety devices were designed to be removed.

We have reviewed the plaintiff's remaining contentions and

find them to be without merit. Rosenblatt, J. P., Thompson and McGinity, JJ., concur.

O'Brien, J., dissents and votes to affirm the order appealed from, with the following memorandum: I do not agree with my colleagues that the defendant manufacturer Otto Martin Maschinebau Gmbh & Co. (hereinafter Martin) established as a matter of law that it cannot be held liable for the plaintiff's injuries. Martin presented evidence that the power table saw involved in this accident, which was manufactured in Germany, was shipped with certain safety devices. However, it is clear from the record that those devices were not in place when the accident occurred. A manufacturer is not responsible for a defective product if material alterations were made to the product by a third party after its delivery which "destroy[ed] the functional utility of a key safety feature" (*see, Robinson v Reed-Prentice Div.*, 49 NY2d 471, 481). On the other hand, a manufacturer may be held liable under a design-defect theory where the product is purposefully manufactured so as to permit its use without a safety feature which is designed to be removable. It is for the jury then to determine the scope of the product's intended purposes and whether the product was reasonably safe (*see, Lopez v Precision Papers*, 67 NY2d 871, *affg* 107 AD2d 667; *LaPaglia v Sears, Roebuck & Co.*, 143 AD2d 173; *McAvoy v Outboard Mar. Corp.*, 134 AD2d 245; *Ayala v V & O Press Co.*, 126 AD2d 229). Thus, as the moving party, Martin was required to establish as a matter of law that the absence of the safety devices was due to a "material alteration" of the machine.

Martin failed to present any proof that the saw was manufactured with the intent that the safety features remain in place during its use. Although Martin's expert described the safety features which were shipped with the saw, he never asserted that the removal of such features would require a material alteration of the saw. In fact, the expert indicated that one safety device, the "antikickback finger", was attached by a single screw (*see, e.g., Tuesca v Rando Mach. Corp.*, 226 AD2d 157; *cf., Zuniga v Schmidt & Assocs.*, 208 AD2d 719). The conclusory statement by Martin's attorney that the removal of the safety features constituted a substantial modification or alteration of the saw was of no evidentiary value (*see, Zuckerman v City of New York*, 49 NY2d 557, 563). Since Martin failed to establish its entitlement to summary judgment as a matter of law, the Supreme Court properly denied its motion, regardless of the sufficiency of the plaintiff's opposing papers (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).