■ JOHN H. BARNES et al., Appellants, v PINE TREE MACHINERY, Defendant, and TIMPSON TRADING CORP., Respondent. (And a Third- and Second Third-Party Action.) [664 NYS2d 450] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered April 4, 1997, which granted defendant-respondent's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

The IAS Court correctly held that defendant's limited involvement in facilitating the sale of the allegedly defective machine that caused plaintiff's injury, a one-time situation in which defendant effectively brokered the sale of the machine from a previous owner to plaintiff's employer, imposed no duty upon defendant to make sure the machine was safe or to warn about potential hazards "that [were] not obvious or readily discernible" (*Sukljian v Ross & Son Co.*, 69 NY2d 89, 97). Plaintiff's own deposition testimony established that he not only knew through experience of the danger of using the machine in the manner he did, but that such danger was indeed obvious (*see, Czerniejewski v Steward-Glapat Corp.*, 236 AD2d 795; *Schiller v National Presto Indus.*, 225 AD2d 1053). Concur—Murphy, P. J., Sullivan, Tom, Mazzarelli and Colabella, JJ.