■ JOHN H. BARNES et al., Appellants, v PINE TREE MACHINERY, Respondent, et al., Defendant. (And Other Actions.) [691 NYS2d 398] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about April 24, 1998, which granted defendant Pine Tree Machinery's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was injured when his hand was drawn into the wire stripping machine he was operating. For purposes of this appeal, we assume in plaintiff's favor that the machine had been rebuilt, and not merely repaired, by defendant Pine Tree. It is undisputed that, at the time of the injury, the safety guards installed by Pine Tree before it shipped the machine had been removed. The machine displayed a warning label stating "[d]o not operate this machine without a guard in place" and plaintiff's deposition testimony established that he was aware of the danger of using the machine without the safety guards and, indeed, that the danger was obvious (*Barnes v Pine Tree Mach.*, 245 AD2d 19).

The motion court correctly held that Pine Tree could not be held liable on a strict products liability theory where, after the machine left its possession, there was a subsequent modification that destroyed the functional utility of a key safety feature the use of which would have prevented plaintiff's harm (*see, Robinson v Reed-Prentice Div.*, 49 NY2d 471, 479). Although the operator's safety guard could be moved on a hinge for cleaning and maintenance purposes and was not permanently affixed, there was no showing that its removal increased the machine's functionality or that the machine was "purposefully designed" so that it could be used without the safety guard in place (*see, Alvarado v Otto Martin Maschinebau Gmbh & Co.*, 236 AD2d 345; *see also, Wyda v Makita Elec. Works*, 232 AD2d 407).

Liability herein may not be grounded on a duty to warn. Inasmuch as a warning would not have given plaintiff any bet-

ter knowledge of the machine's danger than he already had from prior use or than was readily discernible from observation, the absence of a warning could not have proximately caused his injuries (*see, Baptiste v Northfield Foundry & Mach. Co.*, 184 AD2d 841). Indeed, given plaintiff's awareness of the danger which was, in any case, obvious, the duty to warn was not triggered (*supra*).

We have considered plaintiff's other arguments and find them unpersuasive. Concur—Ellerin P. J., Rosenberger, Williams, Andrias and Saxe, JJ.