■ RAFAEL GONZALEZ, Respondent, et al., Plaintiffs, v DELTA INTERNATIONAL MACHINERY CORP., Appellant, et al., Defendants. [763 NYS2d 844] —In an action to recover damages for personal injuries, etc., the defendant Delta International Machinery Corp. appeals from a judgment of the Supreme Court, Kings County (Jones, J.), dated September 21, 2001, which, upon an order of the same court, dated July 26, 2001, denying its motion pursuant to CPLR 4404 (a), inter alia, for judgment as a matter of law, and upon a jury verdict finding the plaintiff Rafael Gonzalez 56% at fault and finding it 44% at fault in the happening of the accident and a separate jury verdict awarding the plaintiff Rafael Gonzalez damages, is in favor of that plaintiff and against it in the principal sum of $209,880.

Ordered that the judgment is reversed, on the law, with costs, that branch of the motion which was for judgment as a matter of law is granted, the complaint is dismissed insofar as asserted against the appellant, and the order is modified accordingly.

The injured plaintiff, Rafael Gonzalez, sustained an injury to his hand while operating a table saw manufactured by the defendant Delta International Machinery Corp. (hereinafter Delta) for his employer Infinity Construction. It is undisputed that the safety guard for the table saw was designed to be removed from the saw blade in order to permit an operator to make "non-thru cuts." Warnings in the safety manual in-

structed that the blade guard must be in place over the blade before making a "thru cut." Gonzalez testified that before the accident, he had never seen the guard, and his employer had never mentioned it to him. Nevertheless, despite the absence of the guard, Gonzalez was using the saw to make a "thru cut" when the accident occurred.

The plaintiffs commenced this action against, among others, Delta, claiming, inter alia, that the saw was improperly designed. After the trial on the issue of liability, the jury concluded, inter alia, that a design defect and breach of implied warranties were proximate causes of Gonzalez's injury, and that Delta was 44% at fault in the happening of the accident. On appeal, Delta argues that the verdict should be set aside due to the plaintiffs' failure to establish a prima facie case. We agree.

To establish a prima facie case in a strict products liability action predicated on a design defect, a plaintiff must show that the manufacturer marketed a product which was not reasonably safe in its design, that it was feasible to design the product in a safer manner, and that the defective design was a substantial factor in causing the plaintiff's injury (*see Voss v Black & Decker Mfg. Co.,* 59 NY2d 102 [1983]). The only evidence that the saw was defectively designed was the opinion of the plaintiffs' expert, a professional engineer. The expert opined that the blade guard was defectively designed because it was removable, and its fragile and cumbersome design made it difficult to move and replace in a commercial setting where it would impede production. The expert further stated that this condition could have been readily corrected by using a more efficient alternative to the standard guard.

The evidence adduced at the trial demonstrated that different guards were appropriate for making different types of cuts, and they each took approximately the same amount of time to adjust. There was also no proof that any design or workplace safety standards had been violated. Furthermore, no evidence was presented that the table saw as designed was not reasonably safe for its intended purpose (*see Denny v Ford Motor Co.,* 87 NY2d 248, 258-59 [1995]; *Affuso v Crestline Plastic Pipe Co.,* 194 AD2d 884 [1993]; *Schimmenti v Ply Gem Indus.,* 156 AD2d 658, 659 [1989]).

In any event, no proof was adduced to demonstrate that the alleged design defect was the proximate cause of the accident. Trial testimony demonstrated that it was just as likely that Gonzalez's employer failed to install the guard on the saw based on his experience with other table saws than as a result

of the alleged defective design of Delta's table saw. "Where the evidence adduced reveals the existence of several possible causes of an injury, for one or more of which the defendant is not responsible, a plaintiff cannot recover without proving the injury was sustained wholly or in part by reason of the defendant's negligence" (*LaPaglia v Sears Roebuck & Co.*, 143 AD2d 173, 176 [1988]; *see Bernstein v City of New York*, 69 NY2d 1020, 1021-1022 [1987]). The plaintiffs failed to prove that the injury was sustained in whole or in part by reason of Delta's alleged negligence.

Accordingly, for the above reasons, we conclude that the judgment must be reversed and the complaint dismissed insofar as asserted against Delta.

Delta's remaining contentions need not be reached in light of our determination. Florio, J.P., Feuerstein, Friedmann and Rivera, JJ., concur.