■ LEONARDA MASIELLO, Plaintiff, v EFFICIENCY DEVICES, INC., Defendant and Third-Party Plaintiff-Appellant, and JUNO TOOL & PLASTIC CORP., Also Known as JUNO, INC., Respondent. CLINTON INDUSTRIES, INC., Third-Party Defendant-Respondent. [776 NYS2d 578]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated February 23, 2003, as granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party complaint and as granted that branch of the separate motion of the defendant Juno Tool & Plastic Corp., also known as Juno, Inc., which was for summary judgment dismissing all cross claims insofar as asserted against it.

Ordered that order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents Juno Tool & Plastic Corp., also known as Juno, Inc., and Clinton Industries, Inc.

Contrary to the contention of the defendant Efficiency Devices, Inc., (hereinafter Efficiency), the third-party defendant Clinton Industries, Inc. (hereinafter Clinton), and Juno Tool and Plastic Corp., also known as Juno, Inc. (hereinafter Juno), made a prima facie showing of entitlement to judgment as a matter of law by proffering sufficient evidence demonstrating the absence of any material issue of fact (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Aghabi v Sebro*, 256 AD2d 287 [1998]). The evidence adduced by Juno and Clinton demonstrated that the fabric-cutting machine manufactured by Clinton and the blade guard manufactured by Juno were not defectively designed, and fulfilled their respective intended uses of cutting fabric and preventing an operator of the machine from placing his or her hand near its blade (see *Wallach v American Home Prods. Corp.*, 300 AD2d 576 [2002];

*Martinez v Roberts Consol. Indus.*, 299 AD2d 399 [2002]; *Aghabi v Sebro, supra*; *Jemmott v Rockwell Mfg. Co., Power Tools Div.*, 216 AD2d 444 [1995]). The guard was not of the type designed to be easily removed for convenience in using the machine (*see Wyda v Makita Elec. Works*, 232 AD2d 407 [1996]; *cf. Ayala v V & O Press Co.*, 126 AD2d 229 [1987]). Moreover, Juno demonstrated that it manufactured the blade guard to Clinton's specifications, and that the design of neither the guard nor the assembled machine was inherently dangerous (*see Wager v General Motors Corp.*, 236 AD2d 604 [1997]; *Lonigro v TDC Elecs.*, 215 AD2d 534 [1995]).

Clinton and Juno also demonstrated that Efficiency modified the guard after it left their possession by widening the clearance between the bottom of the guard and the cutting surface of the machine, and that the modification destroyed the utility and effectiveness of the guard as a safety feature, thus contributing to the accident (*see Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 475 [1980]; *Wyda v Makita Elec. Works, supra*).

In opposition, Efficiency submitted an expert affidavit which consisted primarily of conclusory and speculative allegations without any independent factual basis or any reference to results of testing or measurement, or to industry standards. The expert did not opine that the machine and guard were unreasonably dangerous, or proffer a safer alternative design. Thus, the affidavit was insufficient to raise a triable issue of fact (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534 n 2 [1991]; *Gonzalez v Delta Intl. Mach. Corp.*, 307 AD2d 1020, 1021 [2003]; *Martinez v Roberts Consol. Indus., supra*; *Ramirez v Sears, Roebuck & Co.*, 286 AD2d 428, 429 [2001]; *Aghabi v Sebro, supra*).

Accordingly, the Supreme Court properly granted summary judgment to Clinton and Juno. H. Miller, J.P., Luciano, Schmidt and Townes, JJ., concur.