■ PATTI M. SORRENTO, Individually and as Administratrix of the Estate of VITO C. SORRENTO, Deceased, Respondent, v RICE BARTON CORPORATION et al., Defendants, and FERGUSON ELECTRIC CONSTRUCTION Co., INC., Appellant. [794 NYS2d 536]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered May 13, 2004. The order, insofar as appealed from, denied that part of the motion of defendant Ferguson Electric Construction Co., Inc. for summary judgment dismissing the amended complaint against it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in part and the amended complaint against defendant Ferguson Electric Construction Co., Inc. is dismissed.

Memorandum: Plaintiff commenced this action to recover damages for the wrongful death of her husband (decedent) resulting from an accident at his place of employment. An employee of Ferguson Electric Construction Co., Inc. (defendant)

had wired the motors and controls of a paper winder according to a schematic and equipment provided by the utility superintendent for decedent's employer, and decedent was killed when he was pinned between the paper winder and a tilt table. Defendant moved for summary judgment dismissing the amended complaint "and any and all cross claims" against it, but the order on appeal characterizes the motion of defendant as seeking summary judgment dismissing the complaint against it. Supreme Court's failure to rule upon that part of the motion concerning any cross claims is deemed a denial thereof (*see Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864 [1993]). We conclude, however, that defendant has abandoned any contention with respect to the court's failure to dismiss "any and all cross claims" against it (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

"There are certain instances . . . where only one conclusion may be drawn from the established facts and where the question of legal cause may be decided as a matter of law" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]), and this case falls within that category of cases with respect to the electrical work performed by defendant. In support of its motion, defendant established as a matter of law that its electrical work was not a proximate cause of decedent's accident, and plaintiff failed to raise an issue of fact (*see generally Barnes v Pine Tree Mach.*, 261 AD2d 295 [1999]; *Gonzalez v Verson Allsteel Press Co.*, 206 AD2d 457, 458 [1994]). The testimony of defendant's employee that he would not rely on schematics that contain improper or incorrect drawings for electrical work that were not in compliance with what he considered to be "good and proper electrical work" does not raise an issue of fact to defeat defendant's motion inasmuch as there is no allegation of an electrical malfunction or of any defect in defendant's work. Defendant's limited function in wiring the machines does not give rise to the duties to design and to warn sought to be imposed upon defendant by plaintiff (*see Nichols v Cummins Engine Co.*, 273 AD2d 909, 910 [2000], *lv denied* 96 NY2d 703 [2001]; *Giustino v Hollymatic Corp.*, 202 AD2d 161, 162 [1994]; *see generally Ayala v V & O Press Co.*, 126 AD2d 229, 234-236 [1987]). Present—Hurlbutt, J.P., Scudder, Kehoe, Pine and Hayes, JJ.