■ MARK GIAN, Appellant, v CINCINNATI INCORPORATED, Respondent, et al., Defendants. [794 NYS2d 215]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 14, 2004. The order granted the motion of defendant Cincinnati Incorporated for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the second cause of action against defendant Cincinnati Incorporated and as modified the order is affirmed without costs.

Memorandum: Plaintiff appeals from an order granting the motion of Cincinnati Incorporated (defendant) for summary judgment dismissing the complaint against it. Plaintiff injured his hand while operating a press brake sheet metal fabricating machine (press brake) manufactured by defendant and owned by plaintiff's employer, and he commenced this action asserting causes of action for negligence, failure to warn, breach of warranty and strict products liability. The press brake functions through a powered ram that is operated by depressing a foot switch. Plaintiff was changing a die on the press brake when his foot inadvertently hit the foot switch and the press brake was activated, crushing his hand. Plaintiff alleges that the press brake was defective because the foot switch did not have a toe gate or toe latch to prevent inadvertent activation. The foot switch on the press was changed several times since the press brake was delivered to plaintiff's employer in 1965.

We conclude that Supreme Court properly granted that part of defendant's motion with respect to the first and fourth causes of action, for negligence and strict products liability (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendant met its initial burden of establishing as a matter of law that the press brake was not defectively designed, and plaintiff failed to raise an issue of fact. "A manufacturer who places into the stream of commerce a defective product which causes injury may be liable for such injury" (*Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 532 [1991]). "A defectively designed product is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use" (*Scarangella v Thomas Built Buses*, 93 NY2d 655, 659 [1999] [internal quotation marks omitted]; *see Green v Kautex Machs.*, 159 AD2d 945, 945-946 [1990]). Whether a product is defectively designed is determined by examining the industry standards in effect when it was manufactured (*see Lamb v Kysor Indus. Corp.*, 305 AD2d 1083, 1084 [2003]; *Steinbarth v Otis El. Co.*, 269 AD2d 751, 752 [2000]).

Here, defendant met its initial burden by establishing through its expert's affidavit that the press brake, with the original foot pedal mechanism, met all applicable industry standards for safety and was reasonably safe for its intended use when it was manufactured, and plaintiff failed to raise an issue of fact in opposition. Having established that its product was not defectively designed, defendant "will not be liable for injuries resulting from substantial . . . modifications of the product by a third party which render the product defective or otherwise unsafe" (*Amatulli*, 77 NY2d at 532; *see Lamey v Foley*, 188 AD2d 157, 168 [1993]). In addition, because the third cause of action, for breach of warranty, is "coextensive with [plaintiff's] tort based [causes of action]," the court also properly granted that part of defendant's motion with respect to the third cause of action (*Wyda v Makita Elec. Works*, 232 AD2d 407, 408 [1996]; *see Passante v Agway Consumer Prods.*, 294 AD2d 831, 833 [2002], *appeal dismissed* 98 NY2d 728 [2002]).

We agree with plaintiff, however, that the court erred in granting that part of defendant's motion with respect to the second cause of action, for failure to warn, and we therefore modify the order accordingly. "The duty of a manufacturer to provide instructions and warnings on the proper and safe use of its product extends to persons exposed to a foreseeable and reasonable risk of harm by the failure to warn" (*Smith v Minster Mach. Co.*, 233 AD2d 892, 894 [1996]). A manufacturer may also be liable for failure to warn of the consequences of using its machine when original safety devices are rendered inoperative (*see Miller v Anetsberger Bros.*, 124 AD2d 1057, 1059 [1986]). Moreover, manufacturer liability for a failure to warn will exist even in the presence of substantial modification of the product (*see Liriano v Hobart Corp.*, 92 NY2d 232, 241 [1998]).

There are hazards for which no warnings are required as a matter of law, however, "because they are patently dangerous or pose open and obvious risks" (*id.*; *see Lamb*, 305 AD2d at 1084). "Put differently, when a warning would have added nothing to the user's appreciation of the danger, no duty to warn exists as no benefit would be gained by requiring a warning" (*Liriano*, 92 NY2d at 242).

Here, because defendant's submissions fail to set forth what, if any, warnings were given, their adequacy cannot be determined on this motion for summary judgment (*cf. Passante*, 294 AD2d at 833-834). Although defendant asserted that there were two safer methods for changing dies, either of which would have prevented accidental activation of the foot switch, defendant failed to present evidence establishing that plaintiff knew of

those alternative procedures or that they should have been obvious to him, nor did defendant present evidence that it had informed plaintiff's employer of the procedures. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Lawton, JJ.