ELIZABETH HEIMBUCH et al., Respondents-Appellants, v GRUMMAN CORPORATION et al., Appellants-Respondents. [858 NYS2d 378]—

In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Nassau County (Davis, J.), entered July 2, 2007, as denied those branches of their motion which were for summary judgment dismissing so much of the complaint as alleged negligence based upon a manufacturing defect, negligence and strict products liability based upon a design defect and failure to warn, and breach of warranty, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged strict products liability based upon a manufacturing defect.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged negligence based upon a manufacturing defect, negligence and strict products liability based upon a design defect and failure to warn, and breach of warranty, are granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendants manufactured the body of a truck sold in 1992 to Federal Express, the employer of the plaintiff Elizabeth Heimbuch (hereinafter the injured plaintiff), who allegedly was injured while attempting to lift the hood of the truck during a pre-trip vehicle inspection in September 2000.

The injured plaintiff and her husband, suing derivatively, commenced this action to recover damages for personal injuries, alleging that the vehicle was missing a "gas assist" device, which made the hood easier to lift. The plaintiffs alleged theories of strict products liability based on a manufacturing defect, design defect, and failure to warn, and negligence and breach of warranty. The Supreme Court granted, in part, and denied, in part, the defendants' motion for summary judgment dismissing the complaint.

In general, "a manufacturer may be held liable for placing

into the stream of commerce a defective product which causes injury" (*Gebo v Black Clawson Co.*, 92 NY2d 387, 392 [1998]). "A cause of action in strict products liability lies where a manufacturer places on the market a product which has a defect that causes injury . . . [and] a defect in a product may consist of one of three elements: mistake in manufacturing, improper design, or by the inadequacy or absence of warnings for the use of the product" (*Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 478-479 [1980] [citations omitted]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged strict products liability based upon a "mistake in manufacturing" (*id.* at 478) or manufacturing defect, by submitting deposition testimony and documentary evidence which established that the subject vehicle was manufactured with a gas assist device. In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Consequently, the Supreme Court properly granted summary judgment dismissing that portion of the complaint; however, under the circumstances, it also should have granted summary judgment dismissing so much of the complaint as alleged negligence based upon a manufacturing defect (*see Ganter v Makita U.S.A.*, 291 AD2d 847 [2002]).

The defendants also made a prima facie showing of entitlement to judgment as a matter of law dismissing so much of the complaint as alleged negligence and strict products liability based upon a design defect. They did so based on the foregoing evidence that the truck was equipped with a gas assist device at the time of manufacture, and through the deposition testimony of the injured plaintiff, who testified that the gas assist device was not in the subject vehicle at the time of her accident. In opposition, the plaintiff failed to raise a triable issue of fact; indeed, the plaintiff's counsel acknowledged at oral argument of the appeal that the gas assist device was not on the truck at the time of the accident. Under the circumstances, any alleged defect in the design of the gas assist device was not a proximate cause of the injured plaintiff's injuries, and so much of the complaint as alleged strict products liability based on a design defect and negligence associated therewith must be dismissed as well (*see Denny v Ford Motor Co.*, 87 NY2d 248, 258 [1995]; *Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 475, 478-479 [1980]; *Rutherford v Signode Corp.*, 11 AD3d 922, 923 [2004]; *Barnes v Pine Tree Mach.*, 261 AD2d 295, 295-296 [1999]; *Alvarado v Martin Maschinebau GmbH & Co.*, 236 AD2d 345, 346 [1997]; *Wyda v Makita Elec. Works*, 232 AD2d 407, 407-408 [1996]).

In addition, the defendants made a prima facie showing of entitlement to dismissal of so much of the complaint as alleged negligence and strict products liability based upon a failure to warn. At her deposition, the injured plaintiff testified that she had used the subject truck for six months prior to the date of her accident. She had to lift its hood every day she used it, as part of her pre-trip inspection, and she was aware that the gas assist device was missing. Thus, any warning which the defendants could have issued would have been "superfluous" given the injured plaintiff's "actual knowledge of the specific hazard that caused the injury" (*Liriano v Hobart Corp.*, 92 NY2d 232, 241 [1998]; *see Martin v Hacker*, 83 NY2d 1, 8 n 1 [1993]; *Rodriguez v Sears, Roebuck & Co.*, 22 AD3d 823, 824 [2005]; *Estrada v Berkel Inc.*, 14 AD3d 529, 530 [2005]; *Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 968 [2004]). Since the plaintiffs failed to raise a triable issue of fact in opposition, that portion of the complaint should have been dismissed as well.

Finally, "as the plaintiff[s] [have] made no breach of warranty claims which are not coextensive with [their] tort based claims, the breach of warranty cause of action likewise cannot stand" (*Wyda v Makita Elec. Works*, 232 AD2d 407, 408 [1996]; *see Denny v Ford Motor Co.*, 87 NY2d 248 [1995]; *Gian v Cincinnati Inc.*, 17 AD3d 1014, 1016 [2005]).

In sum, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint in its entirety. Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur. [*See* 16 Misc 3d 1119(A), 2007 NY Slip Op 51514(U).]