■ MARIE M. ROSEMOND et al., Appellants, v HARSHAW CHEMICAL COMPANY et al., Respondents, et al., Defendants. (And a Third-Party Action.)—In an action, *inter alia,* to recover damages for wrongful death, the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaccaro, J.), dated October 22, 1986, which granted the motions of the defendants Harshaw Chemical Company and Bartholomew Company, Inc. for summary judgment dismissing the plaintiffs' complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The defendants Harshaw Chemical Company and Bartholomew Company, Inc., designed, manufactured and installed a horizontal drive system at the electroplating plant of Astro-Electro, Inc. (hereinafter Astro) in Farmingdale, New York, which system was used by Astro to transport the racks which held the parts to be electroplated through the electroplating process. During this process, parts would occasionally come loose from the racks and fall into the vats of corrosive acid in which the parts were being dipped. The plaintiffs' decedent, who was employed by Astro as a plater, was responsible for removing these fallen parts from the vats. On February 4, 1983, while removing some fallen parts from a vat of corrosive acid, he fell into the vat. He subsequently died as a result of the injuries sustained in the fall. The plaintffs brought suit against numerous defendants, including the respondents. They alleged that the respondents had been negligent in their design, manufacture and installation of the horizontal drive system, and that, as a result of their negligence, some of the

items fell off of the racks and into the vats. When the plaintiffs' decedent attempted to retrieve these items from the chemical filled vats, he was caused to fall into them.

The respondents moved for summary judgment, arguing that their alleged negligence was not a proximate cause of the plaintiffs' decedent's injuries. This allegation was supported by the deposition testimony of Neil Weinstein, a principal of Astro, wherein he stated that it is "a fact of life that parts are going to fall into the vats" and that the only thing that could be done to prevent it was for Astro to monitor more closely its own employees who placed the parts on to the racks and adjusted the racks' spring tension. Indeed, Mr. Weinstein acknowledged that after the respondents had installed the horizontal drive system, fewer objects than before fell off the racks into the vats. The respondents alternatively argued in support of their motions for summary judgment that even if their negligence was a factor which contributed to the falling of the parts, Astro's egregious negligence in ordering the decedent to remove the fallen parts with a homemade pole-hook device without providing even the most rudimentary safety precautions, such as guardrails, constituted an intervening cause which would absolve them from any liability.

The plaintiffs' papers in response to the motions did not dispute or refute the respondents' assertions that parts would have fallen from the racks into the vats even absent any negligence on the part of the respondents, nor did they in any way dispute or refute their allegations concerning Astro's negligence.

Accordingly, the respondents were entitled to summary judgment. The record clearly demonstrates that plaintiffs' decedent might well have been removing fallen parts from the vats, and as a result, fallen into the vat, even absent any negligence whatsoever on the respondents' part. Under such circumstances, to hold the accident a foreseeable consequence of the respondents' alleged negligence is to stretch the concept of foreseeability beyond acceptable limits (see, Ventricelli v Kinney Sys. Rent-A-Car, 45 NY2d 950, 952, mod on other grounds 46 NY2d 770). As this court stated in Ordonez v Long Is. R. R. Co. (112 AD2d 923, 925): "Even a negligent defendant cannot be held liable if the accident would have occurred absent his negligence because the required element of causation is * * * lacking." Furthermore, Astro's failure to provide even the most rudimentary safeguards for workers engaged in the removal of the fallen parts constituted an intervening cause which absolved the respondents of liability for any

negligence on their part (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315, rearg denied 52 NY2d 829; see also, Boltax v Joy Day Camp, 67 NY2d 617). We further note that the respondents' moving papers adequately supported their motions for summary judgment (see, Olan v Farrell Lines, 64 NY2d 1092). Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.