■ GARY W. RUGGLES et al., Respondents-Appellants, v R.D.
WERNER Co., INC., Appellant-Respondent. [611 NYS2d 84] —Or-
der unanimously modified on the law and as modified affirmed
without costs in accordance with the following Memorandum:
Plaintiffs, Gary W. and Deborah D. Ruggles, commenced this
action against defendant, the manufacturer of an aluminum
stepladder, for injuries allegedly sustained by Gary when the
ladder collapsed while he was standing on it. The complaint
states causes of action for negligence, strict products liability,

and breach of implied warranty of merchantability. All three causes of action are based on theories of design defect and manufacturing defect and failure to warn. On defendant's motion for summary judgment, Supreme Court granted defendant summary judgment dismissing the negligence and strict products liability causes of action, but denied the motion with respect to the cause of action alleging breach of implied warranty of merchantability. Defendant appeals from that portion of the court's order. As limited by their brief, in which they have abandoned the claims of design defect and manufacturing defect and concede that the second cause of action was properly dismissed, plaintiffs cross-appeal from only that portion of the order that granted defendant summary judgment on the cause of action for negligent failure to warn.

We conclude that defendant demonstrated entitlement to summary judgment dismissing the cause of action alleging negligent failure to warn, and that plaintiffs failed to demonstrate a triable question of fact on that cause of action. The ladder bore a warning instructing the user to inspect it before use and admonishing him "Never [to] climb a damaged ladder". We conclude that, as a matter of law, that warning was adequate to discharge defendant's duty to warn, and we reject plaintiffs' assertion that defendant was required to make the warning more emphatic or explicit.

In light of plaintiffs' concession that there was no inherent defect in the ladder and our holding that there was no failure to warn, the order appealed from must be modified to dismiss plaintiffs' third cause of action for breach of implied warranty of merchantability. There is no basis for distinguishing between a cause of action for strict products liability and one for breach of the implied warranty of merchantability (see, *Ryion v Len-Co Lbr. Corp.,* 152 AD2d 978, 979, *lv denied* 74 NY2d 616, citing *Heller v U. S. Suzuki Motor Corp.,* 64 NY2d 407, 410-411; *see also, Mendel v Pittsburgh Plate Glass Co.,* 25 NY2d 340, 345, *rearg denied* 26 NY2d 751). (Appeals from Order of Supreme Court, Ontario County, Curran, J.—Dismiss Causes of Action.) Present—Denman, P. J., Balio, Lawton, Doerr and Davis, JJ.