■ LUMBERMEN'S MUTUAL CASUALTY COMPANY, Respondent, v VINCENT DeMAIO, Appellant. [686 NYS2d 395] —Order, Supreme Court, New York County (Patricia Williams, J.), entered February 13, 1998, which granted respondent Vincent DeMaio's motion for renewal, but upon renewal adhered to its prior determination granting petitioner insurer's application to permanently stay arbitration, unanimously affirmed, without costs.

The motion court correctly concluded that the uninsured vehicle in question was not "in use" within the meaning of the uninsured motorist endorsement in the relevant policy (*see*, *Lumbermen's Mut. Cas. Co. v Logan*, 88 AD2d 971; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson]*, 71 AD2d 1004, 1005; *McConnell v Fireman's Fund Am. Ins. Co.*, 49 AD2d 676, 677). Concur—Nardelli, J. P., Lerner, Mazzarelli and Saxe, JJ.

■ HARDIE BOULOY et al., Appellants, v WESTINGHOUSE AIR BRAKE COMPANY et al., Respondents, et al., Third-Party Plaintiff. ADVANCED TOWING & RECOVERY, INC., Third-Party Defendant-Respondent. [686 NYS2d 45] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered July 12, 1996, which denied plaintiff's motion for leave to amend the complaint to add additional party defendants, and order, same court and Justice, entered on or about December 22, 1997, which, insofar as appealed from as limited by plaintiffs' brief, granted defendant manufacturer's motion for summary judgment dismissing the complaint and any cross claims as against it, unanimously affirmed, without costs.

The parties plaintiff seeks to add under the relation-back doctrine of CPLR 203 are not united in interest with any of the named defendants. As for plaintiff's product liability claims, we agree with the IAS Court that the manufacturer could not have foreseen an attempt to lift this 250-pound air compressor out of the back of a moving truck by using chains attached to a block and tackle while half of the unit was balanced on a jack and tire rim, and that such activity, the obvious danger of which plaintiff admitted he was aware, superseded any causal relationship between plaintiff's injury and the unshielded nip point between the compressor's belt and pulley (*see*, *Rosemond v Harshaw Chem. Co.*, 135 AD2d 525). We have considered plaintiff's other arguments and find them to be unpersuasive. Concur—Nardelli, J. P., Lerner, Mazzarelli and Saxe, JJ.