■ PLACIDO BOMBARA, Respondent, v ROGERS BROS. CORP., Defendant and Third-Party Plaintiff-Appellant. A & J ANTORINO COMPANY, INC., Third-Party Defendant. (Action No. 1.) PLACIDO BOMBARA, Plaintiff, v NEW YORK TELEPHONE COMPANY et al., Defendants. (Action No. 2.) [734 NYS2d 617] —In related actions to recover damages for personal injuries, the defendant in Action No. 1, Rogers Bros. Corp., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), entered May 30, 2000, as denied that branch of its cross motion which was for summary judgment dismissing the complaint in that action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion is granted, and the complaint in Action No. 1 is dismissed.

The plaintiff, an employee of A & J Antorino Company, Inc. (hereinafter A & J), the third-party defendant in Action No. 1, was injured when he fell into a wheel well as he was riding on the rear of an open trailer manufactured and designed by the appellant. The trailer was designed to transport construction equipment. At the time of the accident, A & J, which had owned the trailer for about 20 years, was using it to transport pipe in connection with a construction project. After the pipe was loaded, the plaintiff was allegedly directed to ride on the back of the trailer to the various sites where the pipe would be unloaded. According to A & J, however, the plaintiff was not told to ride on the back of the trailer; no one ever rode on the trailer. Although the cab of the tractor which hauled the trailer had two seats, the plaintiff did not ask to and did not ride in the cab.

The plaintiff commenced Action No. 1 against the appellant asserting causes of action alleging negligence, breach of express and implied warranties, design defect, and failure to warn. He also asserted a separate cause of action seeking to recover punitive damages. The plaintiff alleged that the trailer was defective because its wheel well was not covered. The Supreme Court denied the appellant's motion for summary judgment dismissing the complaint. We reverse.

A manufacturer has a duty to use reasonable care in design-

ing a product for use in the manner for which it was intended as well as any unintended yet reasonably foreseeable use (*see, Robinson v Reed-Prentice Div.,* 49 NY2d 471, 480). While a cause of action in negligence will lie against a manufacturer where a defective product causes a foreseeable injury, "[a] manufacturer need not incorporate safety features into its product so as to guarantee that no harm will come to every user no matter how careless or even reckless" (*Robinson v Reed-Prentice Div., supra,* at 481).

A design defect may also be actionable under a strict products liability theory if the product is not reasonably safe (*see, Denny v Ford Motor Co.,* 87 NY2d 248, 257; *Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 107). "[A] defectively designed product is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use; that is one whose utility does not outweigh the danger inherent in its introduction into the stream of commerce" (*Robinson v Reed-Prentice Div., supra,* at 479).

A manufacturer also has a duty to warn of dangers associated with reasonably foreseeable misuse of a product and may be liable for its failure to do so (*see, Trivino v Jamesway Corp.,* 148 AD2d 851, 852).

The appellant established its entitlement to summary judgment dismissing the plaintiff's negligence, design defect, and failure to warn causes of action. The open trailer was designed to transport construction equipment, not passengers. The appellant demonstrated that the trailer was reasonably safe for its intended use. The manner in which the trailer was used was not reasonably foreseeable and the appellant established that it was not liable for the unforeseeable misuse of the trailer. In opposition to the appellant's motion, the plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact.

The appellant also established its entitlement to summary judgment dismissing the plaintiff's cause of action alleging breach of express and implied warranties. The appellant demonstrated that it did not breach the warranty provided with the trailer. Nor did the appellant breach any implied warranty that the trailer was fit for its intended purpose (*see, Denny v Ford Motor Co., supra,* at 258-259). Again, the plaintiff failed to demonstrate the existence of any triable issue of fact.

Even if summary judgment in the appellant's favor was not granted, there is no evidence of willful or wanton conduct such as would support a claim for punitive damages (*see, Giblin v*

*Murphy,* 73 NY2d 769, 772). Altman, J. P., H. Miller, Feuerstein and Cozier, JJ., concur.