CHELSEA FRONCKOWIAK, Now Known as CHELSEA FRONCKOWIAK-KELM, et al., Appellants-Respondents, v KING-KONG MANUFACTURING CO., LTD., Defendant, PANASONIC INDUSTRIAL CORPORATION, a Division of MATSUSHITA ELECTRIC CORPORATION OF AMERICA, Respondent-Appellant, and RAY's BIKES AND BOARDS, Also Known as RAY's BIKES, et al., Respondents. [735 NYS2d 294] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Chelsea Fronckowiak (plaintiff) in a bicycle accident. The bicycle purchased by plaintiffs was allegedly distributed by defendant Panasonic Industrial Corporation, a division of Matsushita Electric Corporation of America (MECA), and assembled and sold by defendants Ray's Bikes and Boards, a/k/a Ray's Bikes, and Ray Uschold (Ray's Bikes). Plaintiffs allege that the front wheel became separated from the bicycle when the quick release mechanism securing the front wheel failed, causing plaintiff to be thrown over the handlebars.

Supreme Court erred in granting the motion of Ray's Bikes seeking summary judgment dismissing the complaint against

it. Contrary to the contention of Ray's Bikes, it was in the distributive chain of the allegedly defective product and therefore may be held liable for both negligence and strict products liability (*see, Walker v Pepsico, Inc.,* 248 AD2d 1015; *Giuffrida v Panasonic 'Indus. Co.,* 200 AD2d 713, 715). Even assuming, arguendo, that Ray's Bikes met its initial burden on the motion, we conclude that plaintiffs raised triable issues of fact whether Ray's Bikes failed to assemble the bicycle properly, failed to instruct plaintiffs in the proper operation of the quick release hub, and failed to communicate the proper warnings to plaintiffs. Consequently, we modify the order by denying the motion of Ray's Bikes and reinstating the complaint against Ray's Bikes.

We further conclude that the court properly denied the cross motion of MECA seeking summary judgment dismissing the complaint against it. Although MECA met its initial burden, plaintiffs raised a triable issue of fact by the affidavit of their expert, who opined that the bicycle's quick release hub design was inherently defective and that there are alternative designs that prevent premature loosening and releasing (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeals from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Green, J. P., Kehoe, Burns, Gorski and Lawton, JJ.