RODNEY RUTHERFORD et al., Respondents, v SIGNODE COR-
PORATION et al., Appellants. [783 NYS2d 735]—

Appeals from an order of the Supreme Court, Erie County
(Barbara Howe, J.), entered June 18, 2003. The order, insofar as
appealed from, denied in part defendants' motions for summary
judgment dismissing the amended complaint in a personal injury
action.

It is hereby ordered that the order insofar as appealed from
be and the same hereby is unanimously reversed on the law
without costs, the motions are granted in their entirety and the
amended complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking dam-
ages for injuries sustained by Rodney Rutherford (plaintiff)
while operating an air-powered combination banding tool at the
tire plant where he was employed. The tool was manufactured
by defendant Signode Corporation (Signode) and allegedly sold
and serviced by defendant Buff-Pac, Inc. (Buff-Pac). Plaintiff
was attempting to band together stacked cardboard boxes when,
upon pressing a button on the tool, the tool flew back into
plaintiff's groin, causing injuries. Plaintiffs asserted causes of
action for negligence, breach of express and implied warranties
and strict products liability. Supreme Court granted in part
defendants' motions for summary judgment dismissing the
amended complaint, dismissing the negligence and strict
products liability causes of action insofar as they are based on
an alleged manufacturing defect theory. We agree with defen-
dants that the court should have dismissed the amended
complaint in its entirety.

The remainder of the negligence and strict products liability
causes of action against Signode are based on an alleged design
defect theory. It is well settled that a manufacturer who places a
defective product on the market may be liable for injuries
subsequently caused by that defect without proof of negligence

(*see Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 478 [1980]; *Codling v Paglia,* 32 NY2d 330, 335, 342 [1973]) and may also be liable for negligence in designing a defective product (*see Denny v Ford Motor Co.,* 87 NY2d 248, 257-258 [1995], *rearg denied* 87 NY2d 969 [1996]; *Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 107 [1983]; *see also Opera v Hyva, Inc.,* 86 AD2d 373, 377 [1982]). Contrary to plaintiffs' contention, Signode established as a matter of law that the tool was reasonably safe for its intended use as designed and thus established its entitlement to summary judgment dismissing the remainder of the negligence and strict products liability causes of action against it (*see Bombara v Rogers Bros. Corp.,* 289 AD2d 356, 357 [2001]; *see also Sessa v Port Auth. of N.Y. & N.J.,* 299 AD2d 333, 334 [2002]; *Schrader v Sunnyside Corp.,* 297 AD2d 369, 371 [2002], *lv dismissed in part and denied in part* 100 NY2d 553 [2003]). Signode also established its entitlement to summary judgment dismissing the breach of express and implied warranties cause of action against it (*see Wyda v Makita Elec. Works,* 232 AD2d 407, 408 [1996]; *Ruggles v R.D. Werner Co.,* 203 AD2d 913 [1994], *lv denied* 84 NY2d 802 [1994]). In any event, we further conclude that Signode established as a matter of law that plaintiff's injuries were caused by an improper connection of the air hose and not by any defect in the tool itself and thus established that any alleged defect in the design of the tool was not a proximate cause of plaintiff's injuries (*see generally Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]; *Olsovi v Salon DeBarney,* 118 AD2d 839, 840 [1986]).

Buff-Pac, as the retailer of the Signode tool, is similarly not subject to strict products liability (*cf. Fronckowiak v King-Kong Mfg. Co.,* 289 AD2d 1054 [2001]). In addition, we conclude that Buff-Pac established its entitlement to summary judgment dismissing the remainder of the negligence cause of action against it. Absent a routine maintenance contract, a repairer may not be held liable for its failure to inspect a machine "for defects unrelated to the problem that it was summoned to correct" (*McMurray v P.S. El.,* 224 AD2d 668, 670 [1996], *lv denied* 88 NY2d 811 [1996]). Although repair records indicate that Buff-Pac "rebuilt" two of the banding tools sold to plaintiff's employer, we conclude that Buff-Pac met its burden of establishing that it was not negligent in its repair of the tool at issue (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]), and plaintiffs failed to raise an issue of fact whether Buff-Pac's work may have contributed to the accident (*see McMurray,* 224 AD2d at 670; *see generally Zuckerman,* 49 NY2d at 562). Buff-Pac also established its entitlement to summary judg-

ment dismissing the breach of express and implied warranties cause of action against it (*see Wyda*, 232 AD2d at 408).

We agree with defendants that the affidavit of plaintiffs' expert is insufficient to defeat defendants' motions because the expert failed to present evidence that he had any practical experience or personal knowledge in the design of banding tools (*see Geddes v Crown Equip. Corp.*, 273 AD2d 904, 905 [2000]; *see generally Romano v Stanley*, 90 NY2d 444, 451-452 [1997]). Here, "the expert's opinion was not supported by any foundational facts such as actual testing of the [tool], a deviation from industry standards, statistics showing frequency of injury resulting from the design of the [tool], or consumer complaints" (*Martinez v Roberts Consol. Indus.*, 299 AD2d 399, 399 [2002]). Present—Pigott, Jr., P.J., Gorski, Martoche and Hayes, JJ.