■ Jose F. Garcia, Respondent, v Crown Equipment Corporation, Appellant, et al., Defendants. [786 NYS2d 109]—

In an action to recover damages for negligence and products liability, the defendant Crown Equipment Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated January 22, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant.

The plaintiff sustained severe personal injuries in a work-related accident when he fell from the raised pallet or skid of a forklift, manufactured and sold by the defendant Crown Equipment Corporation (hereinafter Crown), which he had been using to access shelved merchandise from raised racks, in his employer's warehouse. At the time of the accident, the plaintiff was standing on an unenclosed wooden pallet, which was held and raised up by the forks of the forklift. The plaintiff testified at his deposition that he was unable to state what caused him to fall.

The plaintiff's employer had purchased a safety platform which could attach to the forks of the forklift, completely enclosing a passenger. The safety platform also incorporated an interlock which, inter alia, prevented the forward, backward, or lateral movement of the forklift while the forks were being raised or lowered, the exact design defect alleged by the plaintiff. However, the safety platform was not used on this occasion and, in fact, appears to have been non-operational at the time of the accident. Crown manufactured and sold both the forklift and the safety platform to the plaintiff's employer.

The plaintiff commenced this action alleging that the accident

was proximately caused by negligence on the part of Crown in designing the forklift, providing inadequate warning labels, and negligently repairing and maintaining both the forklift and the safety platform. The Supreme Court denied Crown's motion for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court erred in denying the motion. The forklift was not designed to be used to raise people up without the use of the safety platform, and there were explicit warnings, both in the operating manual and on a label affixed to the mast of the forklift, against this practice. Because the plaintiff did not use the safety platform which came with the platform, the purported defective design of the forklift was not a proximate cause of the accident as a matter of law (see Klein v Hyster Co., 255 AD2d 425 [1998]).

The warning label that was affixed to the mast of the forklift was adequate to convey the danger of riding while raised on the forks but unenclosed by the safety platform. In any event, there was uncontroverted proof that the label met the appropriate standard for such labels which was in effect at the time of its manufacture and sale in 1986. Moreover, the forklift was manufactured and sold more than five years prior to the 1991 promulgation of the standard upon which the plaintiff's claim of inadequacy was based.

The "full maintenance agreement" in effect on the date of the accident, which the plaintiff's employer had entered into with Crown, did not cover the safety platform. Thus, at the time of the plaintiff's accident, Crown had assumed no duty relating to the maintenance or repair of the safety platform.

Finally, the plaintiff failed to raise a triable issue of fact in response to Crown's showing that between July 31, 1997, and August 4, 1997, it properly performed whatever maintenance and/or repair was required for the forklift (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). Florio, J.P., Schmidt, Mastro and Fisher, JJ., concur.