■ Colin Small, Appellant, v Lee Keneston, Doing Business as Keneston Antiques, et al., Defendants, and Utilimaster Corporation, Respondent. [870 NYS2d 547]—

Carpinello, J.

Plaintiff volunteered to help friends transport a motorcycle by use of a box truck. Because the truck's cab seated only two passengers, plaintiff and one other person elected to ride in the cargo area. At a red light, plaintiff stood up to retrieve his jacket and when the truck started forward again, he was thrown and cut his arm on the wheel well, suffering a lacerated ulnar nerve requiring surgical repair. He thereafter commenced this action against, as relevant here, defendant Utilimaster Corporation, manufacturer of the cargo box portion of the truck. He asserted claims in negligence, strict products liability premised on defective design and breach of warranty. Supreme Court granted summary judgment to Utilimaster, prompting this appeal.

When designing a product, a manufacturer is obligated to avoid an unreasonable risk of harm to persons using the product in the intended manner or for unintended uses that are reasonably foreseeable (*see Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998]; *Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 480 [1980]; *McArdle v Navistar Intl. Corp.*, 293 AD2d 931, 934 [2002]). Thus, a manufacturer need not prevent harm to all users, no matter how careless or even reckless (*see Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d at 481; *Bombara v Rogers Bros. Corp.*, 289 AD2d 356, 356-357 [2001]). Here, Utilimaster established its prima facie entitlement to summary judgment by submission of an expert affidavit that opined that the design of the wheel well was not inherently dangerous for its intended purpose in that it was not intended that passengers would ride in the cargo area of the truck, much less attempt to stand up and walk while the truck was in motion. This opinion was supported by the undisputed fact that the cargo area of the truck was not equipped with seats, safety belts or windows.

In response, plaintiff's expert asserted that it was common practice for people to ride in the cargo area of a truck, but provided no foundational facts or applicable industry data and, thus, failed to raise a question of fact (*see Desharnais v Jefferson Concrete Co., Inc.*, 35 AD3d 1059, 1061 [2006]; *Sprung v MTR Ravensburg*, 294 AD2d 758, 760 [2002], *mod* 99 NY2d 468 [2003]; *see also Rutherford v Signode Corp.*, 11 AD3d 922, 924

[2004], *lv denied* 4 NY3d 702 [2005]). Accordingly, on the particular facts of this case, Supreme Court did not err in dismissing both the negligence and strict products liability claims against Utilimaster, because plaintiff's decision to ride in the cargo area of the box truck was not reasonably foreseeable (*see Garcia v Crown Equip. Corp.*, 13 AD3d 335, 337 [2004]; *Bombara v Rogers Bros. Corp.*, 289 AD2d at 357; *Bouloy v Westinghouse Air Brake Co.*, 259 AD2d 292, 292 [1999]). Likewise, the breach of warranty cause of action was properly dismissed inasmuch as plaintiff's use of the cargo area was clearly not consistent with its intended purpose (*see Denny v Ford Motor Co.*, 87 NY2d 248, 258-259 [1995]; *Wojcik v Empire Forklift, Inc.*, 14 AD3d 63, 66 [2004]; *Hofflich v Mendell*, 235 AD2d 784, 785 [1997]).

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.