# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**18**
**CA 16-00682**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

CHETI CASELLA, PLAINTIFF-APPELLANT,

V

MEMORANDUM AND ORDER

AJAY GLASS & MIRROR CO., INC., PEERLESS
PRODUCTS, INC., DEFENDANTS-RESPONDENTS,
THE PIKE COMPANY, INC., ROCHESTER GLASS, INC.,
AND JHC SALES CORP., DEFENDANTS.

MORRIS & MORRIS, ATTORNEYS, ROCHESTER (DEBORAH M. FIELD OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO (MICHAEL F. PERLEY OF COUNSEL), FOR
DEFENDANT-RESPONDENT AJAY GLASS & MIRROR CO., INC.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (THOMAS J. SPEYER OF
COUNSEL), FOR DEFENDANT-RESPONDENT PEERLESS PRODUCTS, INC.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Ontario County
(Frederick G. Reed, A.J.), entered January 4, 2016. The order, among
other things, granted the motion of defendant Peerless Products, Inc.,
and the cross motion of defendant Ajay Glass & Mirror Co., Inc. for
summary judgment dismissing plaintiff's second amended complaint and
all cross claims against them.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion of defendant
Peerless Products, Inc. and the cross motion of defendant Ajay Glass &
Mirror Co., Inc. and reinstating the second amended complaint against
them, except insofar as the second amended complaint alleges breach of
warranty, and reinstating all cross claims against them, and as
modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she allegedly sustained when the bottom sash of a window that
she was attempting to close fell in and struck her. The accident
occurred in a classroom at the middle school where plaintiff was
employed as a teacher. The window was designed and manufactured by
defendant Peerless Products, Inc. (Peerless). Defendant Ajay Glass &
Mirror Co., Inc. (Ajay) purchased the window from Peerless and
installed it pursuant to a contract with the general contractor on a
remodeling project at the school that included the installation of
windows in the classroom where plaintiff was injured.

Plaintiff alleged, inter alia, that the window was defectively designed because the tilt latches, safety devices that were intended to prevent the window from tipping inward, were prone to failure. Plaintiff further alleged that the warnings provided with the windows were inadequate and that Peerless and Ajay were negligent in failing to remedy the hazard arising from the failure of the tilt latches after they had been apprised of ongoing problems with windows of the same model tipping inward.

Supreme Court erred in granting the motion of Peerless and the cross motion of Ajay seeking summary judgment dismissing the second amended complaint and cross claims against them except insofar as the second amended complaint alleges breach of warranty, inasmuch as plaintiff stipulated to withdraw "all causes of action based in breach of warranty." We therefore modify the order accordingly. At the outset, we reject the contention of Ajay that it established as a matter of law that it is not subject to liability for plaintiff's injuries because its role in the remodeling project was limited to that of an installer. To the contrary, Ajay's own submissions establish that its subcontract for that project entailed not only installing the windows, but purchasing them from Peerless and selling them to the general contractor, and that the purchase and sale of windows was a regular part of Ajay's business (*see Perazone v Sears, Roebuck & Co.*, 128 AD2d 15, 20-21). Thus, Ajay failed to establish that it was not part of the chain of distribution and thus may not be held strictly liable for the injuries to plaintiff allegedly resulting from the defectively designed window (*see generally Hoover v New Holland N. Am., Inc.*, 23 NY3d 41, 53-54; *Sprung v MTR Ravensburg*, 99 NY2d 468, 472-473). Peerless failed to meet its burden of establishing that the window was not defectively designed, inasmuch as its own submissions raise triable issues of fact whether, inter alia, the tilt latches on the window model that injured plaintiff were prone to failure. In any event, even assuming, arguendo, that Peerless met its burden, the affidavit of plaintiff's expert raises triable issues of fact whether the window was defectively designed (*see Fronckowiak v King-Kong Mfg. Co.*, 289 AD2d 1054, 1055).

Inasmuch as Peerless and Ajay failed to establish that the window was not defective at the time it was manufactured and sold, they cannot meet their burden of establishing that the window was rendered unsafe by subsequent modifications (*see Hoover*, 23 NY3d at 56). They also failed to meet their burden of establishing their entitlement to judgment with respect to plaintiff's strict liability failure to warn claim, because they failed to establish whether any warnings concerning the failure of the tilt latches to engage were provided to anyone at the school (*see Belsinger v M&M Bowling & Trophy Supplies, Inc.*, 108 AD3d 1041, 1043). Finally, the court erred in granting those parts of the motion and cross motion seeking dismissal of the negligent failure to warn claim, inasmuch as the submissions of Peerless and Ajay included evidence that they were each aware, prior to plaintiff's accident, that the window model at issue had caused injury by tilting inward, thus raising an issue of fact whether they were aware that the window posed a danger without a warning (*see generally Lancaster Silo & Block Co. v Northern Propane Gas Co.*, 75

AD2d 55, 63-64).

Entered:  February 3, 2017                    Frances E. Cafarell
                                             Clerk of the Court